**Matter of Ernest E. STUART, Alleged Mental Incompetent.**

**Civ. A. No. 2920.**

United States District Court
W. D. Michigan, S. D.
Aug. 4, 1956.

Eric V. Brown, Kalamazoo, Mich., for petitioner Jerry Pleyte.

Charles A. Pratt, Kalamazoo, Mich., for alleged mental incompetent.

STARR, Chief Judge.

Ernest E. Stuart, alleged mental incompetent, has filed a petition for the removal to this Federal court of the above proceedings now pending in the circuit court of Kalamazoo county, Michigan.

From the petition for removal and certified copies of proceedings in the probate court and circuit court of Kalamazoo county, it appears that on April 7, 1955, one Jerry Pleyte filed a petition in the probate court alleging that said Ernest E. Stuart was mentally incompetent and asking that Pleyte's attorney, Eric V. Brown, or some other suitable person be appointed as his guardian. It appears that at the conclusion of a hearing in probate court Pleyte's petition was denied, and that he appealed from such denial to the circuit court. It further appears that upon Pleyte's request the circuit court on February 14, 1956, entered an order appointing two psychiatrists to examine Stuart as to his alleged mental incompetency. At this point in the circuit-court proceedings Stuart filed his petition for the removal of the action to this court. He bases his petition for removal on the ground that the order of the circuit court compelling him to submit to an examination by two psychiatrists as to his mental competency, was without authority of law, and was in violation of his constitutional rights under the privileges-and-immunities provision and the due-process and equal-protection provisions of the Fourteenth Amendment. Pleyte has filed a motion to dismiss Stuart's petition for removal on the ground that there has been no violation of his constitutional rights, and that this Federal court is without jurisdiction of the matter. In his petition for removal Stuart alleges in part:

"Your petitioner further shows that the circuit court for the county of Kalamazoo, Michigan, did on February 14, 1956, prior to a hearing on the merits of the matter herein, issue an order which compels the petitioner herein to submit involuntarily to an examination by two psychiatrists for their determination of the mental capacity of your petitioner. Your petitioner herein submits that such an order contravenes the constitutional guarantees of the United States Constitution, i. e. the 14th Amendment, in that there is no law or statute authorizing a judge to compel a person alleged to be mentally incompetent to submit to a physical or mental examination. That such a ruling by the court cannot and will not be applied uniformly throughout the State of Michigan because it is without the sanction of law or statute. Such a ruling contravenes the privileges and immunities clause, the equal protection clause and the due process clause of the 14th Amendment to the Constitution of the United States of America."

The question presented is whether Stuart is entitled to have the pending proceedings removed from the circuit court of Kalamazoo county to this Fed-

eral district court. 28 U.S.C.A. § 1441 provides in part:

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

▪ The proceedings in the probate court and on appeal in the circuit court involved only the issue as to Stuart's mental competency, and that issue did not involve any claim or right arising under the Constitution or laws of the United States. The petition for removal merely alleged that the circuit court order for the examination of Stuart as to his mental competency was without authority in law and was in violation of his constitutional rights. However, it is well recognized that the grounds for removal must be found in the declaration or complaint or in the initiatory proceedings in the State court. In Armstrong v. Alliance Trust Co., Limited, 5 Cir., 126 F.2d 164, 167, the court said:

"The federal question must clearly appear on the face of the declaration or complaint as an essential and integral part of the plaintiff's statement of his own case, not in anticipation of a defense that may be interposed by an adversary party. A federal question merely incidental or collateral to the main controversy is not the basis of the suit and is not enough to deprive the state court of jurisdiction upon petition for removal by the defendant."

▪ The law has long been established that there is no common-law right to remove an action from a State court to a Federal court, and that removal may be had only as authorized by act of Congress. See 28 U.S.C.A. § 1441(a) and (b) quoted above. In 45 Am.Jur. § 3, page 810, it is stated:

"There is no common-law right of removal of a cause from a state to a United States court. The right exists only by virtue of and to the extent authorized by act of Congress. It cannot rest on the mere convenience of the parties, nor can it be exercised in any case not falling within the terms of the act authorizing it. So, a suit commenced or pending in a state court must remain there unless and until cause is shown under some act of Congress for its transfer to a Federal court and proper proceedings to remove it are taken."

In McCan v. First National Bank of Portland, D.C., 139 F.Supp. 224, 228, the court said:

"The federal statutes do not commit to the United States Courts any control over probate proceedings. This was done deliberately, since these are of local competence. Interference by the federal courts in these purely domestic affairs would be intolerable. * * * The federal courts do not interfere in divorce, in probate matters, in filiation proceedings, in care of the insane or in mandamus of state officers."

In 2 Cyclopedia of Federal Procedure, 3d Ed., § 3.82, page 302, it is stated:

"If any right, privilege or immunity of the accused, secured or guaranteed by the Constitution or laws of the United States is denied by acts or erroneous rulings of the state court, his remedy is through the revisory power of the highest

court of the state and ultimately through that of the United States Supreme Court. The possibility that during the trial of a particular case the state court may not respect and enforce the right to equal protection of the laws, constitutes no ground, under the statute, for removing the cause to a federal court in advance of a trial. * * * A case is not removable because, as petitioner says, he is not being treated fairly in the state court and that incorrect decisions have been made against him. * * *

"It is incumbent upon the state court to see to it that the accused has a fair trial, and its failure so to do is remediable in the state courts or ultimately in the highest court of the nation."

In 2 Cyclopedia of Federal Procedure, § 3.23, page 221, it is stated:

"A cause is not removable from a state to a federal court simply because, in the course of the litigation, it may become necessary to construe the Constitution or laws of the United States; the decision of the cause must depend upon such construction. Some provision of the Federal Constitution or laws must be directly involved, and a right of removal cannot be based upon the fact that a federal question may come in incidentally."

In Snypp v. State of Ohio, 6 Cir., 70 F.2d 535, 537, the appellate court said:

"Upon state courts equally as upon the federal courts rests the duty and obligation to enforce and protect every right granted and secured by the Constitution of the United States, * * * and it is settled that comity requires that such questions be decided by the state courts in the first instance."

In Moffett v. Commerce Trust Co., 8 Cir., 187 F.2d 242, 248, the court, in discussing the complaint in a civil action under the Civil Rights Act, said in part:

"The Federal Constitution does not guarantee a citizen against loss through fictitious or fraudulent litigation or through erroneous decisions of State courts on questions of State law nor, as we have seen, does it guarantee uniformity of decisions on the part of State courts nor protect the citizen against the invasion of private rights by private parties."

In Bottone v. Lindsley, 10 Cir., 170 F.2d 705, 707, the court said:

" 'The Fourteenth Amendment did not alter the basic relations between the States and the national government.' Screws v. United States, supra, 325 U.S. [91] at page 109, 65 S.Ct. [1031] at page 1039, 89 L.Ed. 1495. * * * Nor does it 'assure uniformity of decisions or immunity from merely erroneous action * * *.' See Justice Frankfurter concurring in Snowden v. Hughes, 321 U.S. 1, 15, 64 S.Ct. 397, 404, 88 L.Ed. 497."

See also Smith v. Israel, D.C., 110 F.Supp. 425; In re Ryan, D.C., 47 F.Supp. 10; Hall v. Verdel, D.C., 40 F.Supp. 941.

The issue as to Stuart's mental competency should be determined in the State court under State law, and a Federal court should not interfere in the proceedings for such determination. The question as to whether the order of the circuit court requiring Stuart to be examined as to his mental competency violated his rights under the Fourteenth Amendment, was incidental to the determination of his mental competency. If Stuart was aggrieved by the procedure and order of the circuit court, he could seek redress by appeal to the Supreme Court of the State.

■ Furthermore, it is clear that this court would not have had original jurisdiction of the proceedings instituted by Pleyte in the State court to have Stuart adjudged mentally incompetent, and, therefore, the proceedings could not be removed under the provisions of § 1441 (a) and (b) quoted above.

In summary, the court concludes that there is no justifiable basis for removal of the circuit-court proceedings to this court. Therefore, Pleyte's motion for dismissal of the removal proceedings should be granted. An order will be entered in accordance with this opinion. No costs are allowed in this removal proceeding.