**Finbar F. CREEDON**
v.
**STATE OF NEW HAMPSHIRE.**

**John J. CREEDON**
v.
**STATE OF NEW HAMPSHIRE.**
Civ. A. Nos. 1739, 1740.

United States District Court
D. New Hampshire.
July 2, 1957.

Securities Co., 1904, 194 U.S. 48, 24 S. Ct. 598, 48 L.Ed. 870; Hunkin-Conkey Construction Co. v. Pennsylvania Turnpike Commission, D.C.Pa.1940, 34 F. Supp. 26; Hertz v. Knudson, 8 Cir., 1925, 6 F.2d 812.

The defense of lack of jurisdiction because of absence of diversity of citizenship cannot be waived. Page v. Wright, 7 Cir., 1940, 116 F.2d 449, 453; Indemnity Ins. Co. of North America v. Pan American Airways, D.C.N.Y.1944, 57 F.Supp. 980. In the Page case, the court said:

> "the duty devolves upon the court 'at any time' the jurisdictional question is presented to proceed no further until that question is determined. It can not be conferred by agreement, consent or collusion of the parties, whether contained in their pleadings or otherwise * * *." [116 F.2d 453.]

The court went on to say that diversity of citizenship is a matter of jurisdiction of the subject matter and that, therefore, under Rule 12(h) of the Federal Rules, 28 U.S.C., it cannot be waived.

The decision in the Page case is also based on Title 28, section 80(5), of the old Judicial Code, which authorized a court "at any time" to dismiss an action if there was no jurisdiction. This section was not reenacted in the revision of 1948. However, the omission does not point toward a different result since Rule 12(h) of the Federal Rules of Civil Procedure clearly requires a dismissal for lack of jurisdiction of the subject matter.

In Kelley v. United States, D.C.Mich. 1932, 59 F.2d 743, it is stated that it is the duty of the court to dismiss the action of its own motion if there is no jurisdiction, regardless of the absence of an objection by any of the parties, even if all the parties are willing to waive the objection.

For the foregoing reasons, these actions must be dismissed and an order will be so entered.

Joseph Blumsack, Somerville, Mass., Leo P. Doherty, Boston, Mass., Robert D. Branch, Concord, N. H., for plaintiff.

Wiggin, Nourie, Sundeen, Nassikas & Pingree, Paul E. Nourie, Manchester, N. H., for defendant.

CONNOR, District Judge.

These are two actions arising out of an automobile collision on January 2, 1955, at Ossipee, within this district, charging the defendant with the negligence of its agents. The defendant urged res adjudicata as a bar but disposition must be made upon the basis of jurisdiction.

Clearly there is no federal question involved in this case. Diversity of citizenship is likewise wanting since it has been repeatedly held that a state is not a "citizen" within the meaning of section 1332, Title 28, U.S.C. State Highway Commission of Wyoming v. Utah Construction Co., 1929, 278 U.S. 194, 49 S.Ct. 104, 73 L.Ed. 262; Postal Telegraph Cable Co. v. State of Alabama, 1894, 155 U.S. 482, 15 S.Ct. 192, 39 L. Ed. 231; State of Minnesota v. Northern