Samuel H. **OLSEN**, Prosecuting Attorney
for the County of Wayne, State of
Michigan, Plaintiff,

v.

William **DOERFLER** and Royal News
Company, a foreign corporation,
Defendants.

Civ. No. 24287.

United States District Court
E. D. Michigan, S. D.

Dec. 27, 1963.

Aloysius J. Suchy, George H. Cross,
David R. Kaplan, Asst. Pros. Attys.
Wayne County, Mich., Detroit, Mich., for
plaintiff.

Ernest Goodman, Goodman, Crockett,
Eden, Robb & Philo, Detroit, Mich., for
defendants.

FREEMAN, District Judge.

This case involves a complaint filed by
Samuel H. Olsen, Prosecuting Attorney
for Wayne County, Michigan, as plain-
tiff, v. William Doerfler and the Royal
News Company, an Ohio corporation, as
defendants, in the Wayne County Cir-

cuit Court, to enjoin the sale and distribution of certain alleged obscene magazines and other printed material, seized in connection with executing an arrest warrant for the defendant Doerfler, therein accused of having violated Act 64, Michigan P.A.1962, Sec. 750.343a, Michigan C.L.1948, making it unlawful to sell, possess for sale, etc., obscene books, magazines and other printed material.

The complaint alleged that the instant suit was brought under the provisions of Act 236, Michigan P.A.1961, Section 600.2938(1), C.L.1948 (M.S.A. § 27A.-2938(1)), which reads as follows:

"The chief executive or legal office of any city, village or charter township or prosecuting attorney of the county may institute and maintain an action in the circuit court against any person, firm or corporation to enjoin and prevent the sale or further sale or the distribution or further distribution or the acquisition or possession of any book, magazine, pamphlet, comic book, story paper, writing, paper, picture, drawing, photograph, figure or image or any written or printed matter of an indecent character, which is obscene, lewd, lascivious, filthy, indecent or disgusting, or which contains an article or instrument of indecent or immoral use or purports to be for indecent or immoral use or purpose."

Defendants removed the case from the State Court to this Court under and pursuant to Sections 1441(a) and 1443, Title 28 U.S.C.A., and the matter is now before the Court on plaintiff's motion to remand.

■ As grounds for removal under Section 1441(a), defendants allege that (1) the plaintiff, as Wayne County Prosecuting Attorney, is a citizen of Michigan; (2) the defendant, Royal News Company, an Ohio corporation, is a citizen of Ohio; and (3) the defendant Doerfler is joined as a defendant only in his capacity as an agent of Royal News, has no proprietary interest in the magazines which are the subject matter of the suit, would be bound by any order against defendant, Royal News, and is, consequently, only a nominal and not a necessary party defendant and, hence, there is diversity of citizenship between the parties which gives this Court original jurisdiction, as provided in Section 1441(a).

This contention is clearly without merit. The plaintiff Olsen is a Constitutional officer (Michigan Constitution of 1908, Article VIII, Section 3), and filed this suit to enforce a Michigan statute under authority expressly conferred on him by such statute. In so doing, he was acting only in his official capacity and, consequently, the State of Michigan is the real party in interest. Hence, there can be no diversity of citizenship because a state has no citizenship.

"A state is not a citizen", said the Supreme Court in Postal Telegraph Cable Co. v. State of Alabama (1894), 155 U.S. 482, 15 S.Ct. 192, 39 L.Ed. 231, "[a]nd, under the judiciary acts of the United States, it is well settled that a suit between a State and a citizen or a corporation of another State is not between citizens of different states; and that the Circuit Court [now district court] of the United States has no jurisdiction of it, unless it arises under the Constitution, laws or treaties of the United States." See also Chicago, R. I. and P. R. Co. v. Long (CA 8, 1950), 181 F.2d 295; Creedon v. State of New Hampshire (D. C.N.H., 1957), 154 F.Supp. 176.

A suit by an agent of the state as a nominal party in behalf of the state presents a controversy to which the state is a party and cannot be removed to a United States District Court as a controversy between citizens. Robertson v. Jordan River Lumber Co. (CCA 5, 1921), 269 F. 606; Craig v. Southern Natural Gas Co. (CCA 5, 1942), 125 F.2d 66.

■ However, defendants also argue for removal under Section 1441(a) on another diversity of citizenship theory not set forth in their removal petition, the gist of which is that the statute (M. S.A. § 27A.2938(1)) under which the plaintiff Olsen brought this suit is un-

constitutional and, for this reason, he necessarily acted in his individual capacity as a citizen of Michigan, since there was no legal basis for acting in his official capacity. Therefore, defendants claim that since the defendant Doerfler is only a nominal party defendant and the Royal News Company is a citizen of Ohio, the good faith assertion of the unconstitutionality of the statute invoked by the plaintiff Olsen in bringing this suit gives this Court original jurisdiction under Section 1441(a) by reason of diversity of citizenship under the authority of State of Ohio ex rel. Seney, Pros. Atty., v. Swift & Co. et al. (CCA 6, 1921), 270 F. 141.

Plaintiff maintains that the complaint is not based on Federal question jurisdiction, and a removal petition by its own allegations of a Federal question cannot impress Federal Court jurisdiction under Sec. 1441(b). It should also be noted that defendants do not rely on Sec. 1441 (b) for removal.

A controversy raising a Federal question must be described on the face of the complaint unaided by answer or petition for removal. Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70; Taylor v. Smith (CCA 7, 1948), 167 F.2d 797. No such controversy is here involved.

The Court in the Gully case said (299 U.S. pp. 112–113, 57 S.Ct. p. 97):

"How and when a case arises 'under the Constitution or laws of the United States' has been much considered in the books. Some tests are well established. To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. Starin v. New York, 115 U.S. 248, 257 [6 S. Ct. 28, 29 L.Ed. 388]; First National Bank v. Williams, 252 U.S. 504, 512 [40 S.Ct. 372, 374, 64 L.Ed. 690]. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. Ibid; King County v. Seattle School District, 263 U.S. 361, 363, 364 [44 S.Ct. 127, 128, 68 L.Ed. 339]. A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto (New Orleans v. Benjamin, 153 U.S. 411, 424 [14 S.Ct. 905, 38 L.Ed. 764]; Defiance Water Co. v. Defiance, 191 U.S. 184, 191 [24 S.Ct. 63, 48 L. Ed. 140]; Joy v. St. Louis, 201 U.S. 332 [26 L.Ed. 478, 50 L.Ed. 776]; Denver v. New York Trust Co., 229 U.S. 123, 133 [33 S.Ct. 657, 57 L.Ed. 1011]), and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal. Tennessee v. Union & Planters Bank, 152 U.S. 454 [14 S.Ct. 654, 38 L.Ed. 511]; Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149 [29 S.Ct. 42, 53 L.Ed. 126]; The Fair v. Kohler Die & Specialty Co., 228 U. S. 22, 25 [33 S.Ct. 410, 57 L.Ed. 716]; Taylor v. Anderson, 234 U.S. 74 [34 S.Ct. 724, 58 L.Ed. 1218]. Indeed, the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense. Devine v. Los Angeles, 202 U.S. 313, 334 [26 S.Ct. 652, 50 L. Ed. 1046]; The Fair v. Kohler Die & Specialty Co., supra."

The requirements set forth in Gully are not met in the instant case.

In the Swift case, supra, the Court did hold that since the constitutionality of the statute under which that suit was started was there questioned in good faith, the citizenship of the Prosecuting Attorney who filed the suit on behalf of the State would be looked to, under the circumstances, for diversity jurisdictional purposes and in effect allowed the raising of a federal constitutional ques-

tion by way of a removal petition as a defense to confer jurisdiction, a procedure which the Court said could not be done, stating (270 F. pp. 146–147):

> "It is well settled that the entry of a federal question into a case by way of defense, although it may present the controlling or the only disputed question, does not justify removal under section 28 of the Judicial Code (Comp.St. § 1010). In re Winn, 213 U.S. 458, 29 Sup.Ct. 515, 53 L. Ed. 873."

The decision in Swift must be limited to the precise facts and circumstances in that case and can be distinguished from the case at bar, as hereinafter set forth.

The first sentence of the opinion in Swift states: "Upon this statement of facts, it is too clear for doubt that these Ohio laws could have no application to this property, which had remained in cold storage in the state only as an incident to its lawful interstate transportation, and that Swift & Co. was entitled to its immediate return." The Prosecuting Attorney did not contend otherwise and refused to litigate the merits of the case. Another suit was subsequently filed by Swift & Co. against the Prosecuting Attorney in the same Federal court to which removal of the State suit was sought, involving the same subject matter and the same constitutional questions as in the removal proceedings. The Prosecuting Attorney in his complaint did not allege any law specifically authorizing him to sue on behalf of the State.

In the instant case, it is clear that the State statute in question (M.S.A. § 27A.-2938(1)) can be invoked to determine whether defendants' publications are obscene, etc., and, therefore, it is not clear "beyond any doubt", as in Swift, that the State law can have no application to the subject matter involved. The Prosecuting Attorney states substantial reasons for litigating the merits of the case. A suit subsequently filed by Royal News in this Court does not involve the same

constitutional questions as raised in the removal petition.

In Swift, the Court relied heavily on the case of Missouri, Kansas, & Texas Railway Company v. Hickman, 183 U.S. 53, 22 S.Ct. 18, 46 L.Ed. 78, in reaching its decision. That case was a suit to compel compliance with an Order of the railroad commissioners with respect to rates, and the Court merely held that the Commissioners and not the State were the real parties plaintiff. It did not support the ultimate conclusion reached in Swift.

 Even if this Court does have jurisdiction, this case appears to be a proper one for application of the abstention doctrine. The Court in Swift declined to apply the abstention doctrine because of the subsequently filed suit involving the same subject matter and the same constitutional questions raised in the removal petition.

In Public Utilities Commission of Ohio et al. v. United Fuel Gas Co. et al., 317 U.S. 456, p. 463, 63 S.Ct. 369, p. 373, 87 L.Ed. 395, the Court said:

> "Where the disposition of a doubtful question of local law might terminate the entire controversy and thus make it unnecessary to decide a substantial constitutional question, considerations of equity justify a rule of abstention. But where, as here, no state court ruling on local law could settle the federal questions that necessarily remain, and where, as here, the litigation has already been in the federal courts an inordinately long time, considerations of equity require that the litigation be brought to an end as quickly as possible."

Unlike the situation in the United Fuel case (supra), the litigation in the instant suit can be disposed of speedily in the Michigan courts, since the Michigan statute provides that defendant is entitled to a trial of the issues within one day after joinder of issue, and a decision is to be rendered by the Court within two days of the conclusion of the

trial. [P.A.1961, Act 236; C.L. '48, § 600.2938(4), (M.S.A. § 27A.2938 (4)).]

Professor Moore points out (p. 2103, 1A Moore's Federal Practice (2nd Ed.)):

"The 'doctrine of abstention' established by the Pullman case [Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971] was based on two well-recognized considerations. By awaiting state action (1) the federal constitutional question posed for federal decision might become unnecessary; and (2) state courts should be given the first opportunity to interpret state statutes."

In Chicago v. Fieldcrest Dairies, Inc., 316 U.S. 168, 62 S.Ct. 986, 86 L.Ed. 1355, a declaratory judgment proceeding involved the questions whether respondent's paper milk containers were "standard milk bottles", within the meaning of the Chicago ordinance; if not, whether the ordinance conflicted with an Illinois statute; and, finally, if not, whether it was unconstitutional under the State and Federal Constitutions. Mr. Justice Douglas stated (316 U.S. p. 171, 62 S. Ct. p. 987): "We are of the opinion that the procedure which we followed in the Pullman case should be followed here." And further (316 U.S. p. 173, 62 S.Ct. p. 988):

"Avoidance of constitutional adjudications where not absolutely necessary is part of the wisdom of the doctrine of the Pullman case.

"We therefore vacate the judgment and remand the cause to the District Court with directions to retain the bill pending a determination of proceedings in the state court in conformity with this opinion."

■ This language clearly seems to indicate that if a state statute can be read in two different ways and if one manner of reading it will avoid a constitutional question, the Federal court should give the state courts an opportunity to interpret the statute.

■ Defendants argue in the present case that the Michigan statute under which the suit was brought is unconstitutional because it applies tests which have been held in Manual Enterprises v. Day, 370 U.S. 478, 82 S.Ct. 1432, 8 L. Ed.2d 639, and Marcus v. Search Warrant etc., 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed. 2d 1127, insufficient to give constitutional protection under the Fourteenth Amendment.

In Manual Enterprises v. Day, supra, the Court recognized the "prurient interest" test of Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498, and Mr. Justice Harlan in his opinion, joined only by Mr. Justice Stewart, created a new ingredient which he called "patent offensiveness". In Marcus the Court merely held that the State of Missouri procedures for issuance and execution of search warrants for obscene material were too broad and offended the Fourteenth Amendment. Whether the Michigan statute in question uses the tests of Roth, Manual and Marcus should be left to the Michigan courts, and if the Michigan courts apply such tests, there is no Federal constitutional question to be decided.

■ Defendants further contend that the Michigan statute is unconstitutional because it permits the issuance of a temporary restraining order, ex parte, which prohibits the possession or sale of printed material, and thus permits a form of prior censorship, contrary to the Fourteenth Amendment. Defendants also argue that the statute deprives them of a jury trial and thus denies them the equal protection of the law, contrary to the Fourteenth Amendment. Whether or not the Michigan statute allows an ex parte injunction and provides for trial without a jury are questions for the Michigan courts to determine. If the Michigan courts construe the Michigan statute, which is almost identical with a New York statute construed by the Supreme Court in Kingsley Books, Inc. v. Brown, Corporation Counsel, 354 U.S. 436, 77 S.Ct. 1325, 1 L.Ed.2d 1469, as

did the Supreme Court in that case, there would be no constitutional question left for decision. The Michigan court should have that opportunity.

As grounds for removal under Section 1443, Title 28 U.S.C.A., defendants allege that the Michigan statute, M.S.A. § 27A.2938, upon which the complaint is based, violates rights guaranteed to defendants by the Federal Constitution, for the following reasons: (1) the statute requires the Michigan courts to apply an improper test of obscenity and, therefore, denies defendants the protection of the First and Fourteenth Amendments, as construed and applied by the United States Supreme Court; (2) by failing to provide any ascertainable standards under which men of common intelligence could know what is or is not permissible under such statute, and by failing to provide any requirement of scienter; (3) it denies defendants a jury trial; and (4) permits the seizure of alleged obscene material without a hearing, which constitutes censorship, all in violation of the guaranties of freedom of speech, due process of law, and equal protection of the law under the First and Fourteenth Amendments.

The scope and purpose of § 1443 is stated generally in 76 C.J.S. Removal of Causes § 94, p. 983, as follows:

"The statute here considered, which authorizes the removal of a cause from a state court to a federal court on the ground of denial of, or inability to enforce, equal civil rights is intended to protect certain rights and immunities secured by the Fourteenth Amendment to the federal Constitution, and extends to and includes equal civil rights secured by the Civil Rights Act, 8 U.S.C.A. §§ 41–56, which enumerates rights and immunities intended to be guaranteed by the Constitution, including equal rights in respect of person, property, contracts, litigation, prosecution, and punishment. In order to authorize a removal under this statute, however, a violation of the equal protection clause of the Fourteenth Amendment must be shown; some equal civil right must be denied, such as a discrimination against a particular race, and the fact that rights guaranteed by the Fourteenth Amendment are violated will not authorize a removal where the procedure adopted by the state authorities is applied equally to all citizens of the United States."

Section 1443 is also discussed in 2 Cyc. of Federal Procedure (3rd Ed.), § 3.81, as follows (p. 300):

"In conferring the right of removal of causes against persons denied civil rights, it was intended to protect against state action and that alone. In other words the statute has reference to a constitutional or legislative denial of equal rights, or an inability to enforce them resulting therefrom. It is only when some state law, ordinance, regulation or custom hostile to these rights is alleged to exist that a removal can be had under this provision, and defendant in the action or prosecution in the state court cannot have the cause removed under this provision where it does not appear that the constitution or laws of the state deny or prevent him from enforcing in the judicial tribunals of such state his equal rights as secured to him by the Federal Constitution and laws."

Defendants' removal petition falls far short of meeting the requirements of Section 1443.

For the reasons above stated, this case must be remanded to the Circuit Court for Wayne County, Michigan.

An appropriate Order may be submitted.