**Woody R. DENSON, Plaintiff,**

v.

**Bill V. WILLIAMS, Chairman, Harris County Democratic Executive Committee, and Russell L. Hayes, Defendants.**

**Civ. A. No. 72-H-303.**

United States District Court,
S. D. Texas,
Houston Division.

March 18, 1972.

Jack R. Bailey, Houston, Tex., for plaintiff.

6. Plaintiff is presently pursuing a "tort" action in Lancaster County, Court of Common Pleas, October Term, 1970, No. 108.

Wesley Hocker, Houston, Tex., for Williams.

Craig A. Washington, Sr., Houston, Tex., for Hayes.

MEMORANDUM OPINION:

SEALS, District Judge.

On March 9, 1972, the Defendant Russell L. Hayes removed this action which had been originally filed in the 133rd District Court of Harris County, Texas. In that State Court action the Plaintiff, a candidate for the Texas House of Representatives in District 81, had sought to enjoin the Defendant Bill V. Williams, the Democratic County Chairman of Harris County (Houston), Texas, from accepting and filing the application of the Defendant Hayes as a candidate for the same seat in the Democratic Primary Election. Denson also requested that Hayes be enjoined from seeking to have his name placed on the ballot. As grounds for seeking such extraordinary relief it was alleged that Hayes was a convicted felon and therefore ineligible to seek or hold public office. Texas Constitution, Article VI, Sec. 1, Vernon's Ann.St. V.A.T.S. Election Code Article 1.05. As proof of these allegations Denson offered a copy of the judgment of conviction in United States v. Russell L. Hayes a/k/a Russell L. Smith, U. S. District Court, Southern District of Texas, Houston Division, Criminal No. 12987, March 8, 1957. After two days of hearings the State Court determined that this Russell L. Hayes was the same person as the individual convicted in the 1957 federal prosecution for preparation and submission of false income tax returns. The State Court further found that no appeal had been taken and that the 1957 conviction was an existing and valid final conviction. The State Court held that under the Texas Constitution and Election Code this conviction barred Hayes from seeking or holding public office. Whereupon, the injunctive relief requested by the Plaintiff was granted.

On Friday, March 17, 1972, this Court became aware that no action had been taken by either party, nor had the parties requested this Court to take any immediate action, since the perfection of removal a week earlier, and this Court knowing that the drawing for position on the ballot would take place on March 20, the following Monday, and that the ballots would then be printed, the Court requested counsel to appear to effect a speedy resolution of this matter. At the hearing at 2:30 P.M., Friday afternoon it was generally agreed that the initial problem was a jurisdictional one and the facts could be stipulated. The facts were stipulated on the record and the State Court judgment was admitted into evidence. The Plaintiff then made an oral motion to remand, both sides presented arguments and authorities, and the matter was taken under submission. The following constitutes the Court's findings of fact and conclusions of law.

The facts are not in dispute. Russell L. Hayes sought to file for the state legislature. A prospective opponent sought and received an injunction barring Hayes' candidacy on the grounds that as a convicted felon Hayes was ineligible to run or to serve. This Hayes is the same man who was convicted in federal court of income tax violations in 1957. No appeal was taken and the conviction still stands. Upon these facts the State Court issued its injunction.

██ In his removal petition, Hayes predicated jurisdiction upon 28 U.S.C. §§ 1331, 1441, 1443 and 2281, and 42 U. S.C. § 1983. It is clear that the only basis for sustaining federal jurisdiction over this removed action is the Civil Rights Removal Statute, 28 U.S.C. § 1443(1). Generally, a case removed to a United States district court must be one which could have been brought originally in the district court. 28 U.S.C. § 1441. As in cases originally brought in federal court, the jurisdiction must be conferred by the plaintiff's complaint. Wright, Law of Federal Courts (2d Ed.), § 18 pp. 59–60, § 38 pp. 130–131. Den-

182

son's state court petition is grounded solely on Texas law and presents no claim within the original jurisdiction of federal district courts.

■ However, a defendant may avoid this result by removal under 28 U.S.C. § 1443(1). That section authorizes removal of cases involving threats to civil rights which are protected under federal laws providing for equal civil rights. The United States Supreme Court has interpreted this provision to mean that the federal law must be one which provides for equal civil rights stated in terms of racial equality. Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966). This has been reiterated in this circuit by Georgia v. Spencer, 441 F.2d 397 (5th Cir. 1971), cert. den. 403 U.S. 934, 91 S.Ct. 2265, 29 L.Ed.2d 714 (1971). The Voting Rights Act, 42 U.S.C. § 1971 et seq. is such a law; 42 U.S.C. § 1983 is not and the Court can find no case in which it has supported a removal. Hayes, however, is a convicted felon and as such argues that Texas' prohibition of convicted felons from holding office is unconstitutional as it prohibits the exercise of otherwise protected federal and state rights, here the rights to vote and hold office, by convicted felons. In support of this proposition the defendant relies upon Lassiter v. Northampton County Board of Elections, 360 U.S. 45, 79 S.Ct. 985, 3 L.Ed.2d 1072 (1959) and Carrington v. Rash, 380 U.S. 89, 85 S.Ct. 775, 13 L.Ed.2d 675 (1965), which hold that a state election law which excludes certain persons from voting must bear a reasonable relation to a legitimate legislative purpose in establishing the classificatory system. The Defendant argues that the Texas laws violate equal protection and due process, because convicted felons are not provided with any means by which they may overcome the presumption of infamy and are excluded for life. This is regarded especially discriminatory in his case because he continues to profess his innocence and to seek review in the convicting court, and because under Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.

Ed.2d 837 (1963); Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L. Ed.2d 148 (1964); and Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963), there is no such thing as a "final" federal conviction.

■ Whatever may be the merits of the defendants' arguments that convicted felons who have served their sentences and have been "rehabilitated" are the victims of unconstitutional discrimination, see, Comment, 40 So.Cal.L.Rev. 127 (1967), and Comment, 53 Va.L.Rev. 403 (1967), the fact remains that laws excluding felons do not operate as to deprive citizens of constitutional rights because of their race. Under the rule of Georgia v. Rachel, supra, and Georgia v. Spencer, supra, this is essential to upholding removal. Whatever rights rehabilitated convicts may have to vote and to hold office, they are not protected by any federal law which provides for equal civil rights in terms of racial equality. Consequently this Court lacks jurisdiction of this removed action and it must be remanded.