**STATE OF TENNESSEE ex rel. Edward E. DAVIS, District Attorney General**

v.

**MARKET STREET NEWS et al.**

**Civ. A. No. 6635.**

United States District Court,
E. D. Tennessee, S. D.

March 27, 1973.

Edward E. Davis, Dist. Atty. Gen., Chattanooga, Tenn., for plaintiff.

Gilbert H. Deitch, Atlanta, Ga., for defendants.

## MEMORANDUM AND ORDER

FRANK W. WILSON, Chief Judge.

The Attorney General for the Sixth Judicial District of Tennessee, Edward E. Davis, filed in the Chancery Court for Hamilton County, Tennessee a petition requesting that a temporary restraining order issue prohibiting the defendants from selling, exhibiting or removing from the premises certain allegedly obscene publications found in the defendants' business establishment. The Attorney General also sought a temporary injunction forbidding the defendants to sell, exhibit or dispose of the subject publications until final disposition of the case. The Attorney General further requested that "upon a true bill of indictment . . . the Court Order [sic] the defendant to deliver all of the above listed magazines now in his possession . . . to the office of the District Attorney General to be held as

evidence in the criminal case as charged by said indictment."

On 15 November 1972, the Chancery Court for Hamilton County, Tennessee issued a temporary restraining order enjoining the defendants from ". . . removing from the premises . . . any of the magazines named . . . and . . . further . . . from selling, distributing, displaying, or exhibiting said magazines pending further orders of the Court."

On 17 November 1972, the defendants petitioned this Court for removal of the proceedings instituted originally in the Chancery Court for Hamilton County, Tennessee. The Attorney General for the Sixth Judicial District promptly moved this Court to dismiss and remand the case to the state court.

The Attorney General instituted this action pursuant to the Tennessee Obscenity statutes, specifically TCA §§ 39–3003 to 39–3008. Certain of these statutes have been the subject of constitutional scrutiny elsewhere,[1] but these matters are not now before the court.

Rather, the Court must now decide only whether a valid basis exists for removal of this case to this court or whether the petition for removal must be denied and the case remanded to the state court.

The defendants contend that this action is subject to removal under 28 U.S.C. § 1443 in that they cannot enforce in the courts of Tennessee their rights guaranteed by the First, Fourth, Fifth, Sixth and Fourteenth Amendments. 28 U.S.C. § 1443 reads:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law . . .

The defendants apparently do not assert that subsection (2) of 28 U.S.C. § 1443 entitles them to removal. In any event, it is clear from Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966), that subsection (2) is available only to federal and state officers and agents seeking removal.

Regarding subsection (1) of 28 U.S.C. § 1443, the Court adverts to the construction of that subsection by the United States Supreme Court in Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966):

Section 1443(1) entitles the defendants to remove these prosecutions to the federal court only if they meet both requirements of that subsection. They must show both that the right upon which they rely is a "right under any law providing for . . . equal civil rights," and that they are "denied or cannot enforce" that right in the [state court].

The Supreme Court thereupon undertook an elucidation of the first requirement. Ultimately it was decided:

"On the basis of the historical material that is available, we conclude that the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights *stated in terms of racial equality*. Thus, the defendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid

---

1. ABC Books, Inc. v. Benson, 315 F.Supp. 695 (1970), judgment vacated 401 U.S. 988, 91 S. Ct. 1228, 23 L.Ed.2d 525.

claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands." 384 U.S. at 792, 86 S.Ct. at 1790 [Emphasis added]

Underscoring this proposition, the Court in Greenwood v. Peacock, *supra*, declared:

The First Amendment rights of free expression, for example, so heavily relied upon in the removal petitions, are not rights arising under a law providing for "equal civil rights" within the meaning of § 1443(1).

■ This Court is of the opinion that the above language is dispositive of the questions relating to the defendants' petition for removal under § 1443(1). It is manifest that the defendants are not invoking or asserting any rights under laws providing for "equal civil rights." It would appear that the chief rights asserted by the defendants are those of freedom of speech and press provided for in the First Amendment. As to such First Amendment rights, the Court feels that the language quoted above from both Greenwood v. Peacock and Georgia v. Rachel is clearly controlling. Grove Press, Inc. v. City of Philadelphia, 300 F.Supp. 281 (E.D.Pa., 1969), *modified in part on other grounds and affirmed*, 418 F.2d 82 (3rd Cir. 1969). Further, the defendants aver that their Fourth, Fifth, Sixth and Fourteenth Amendment rights have been abridged. This Court is, however, unable logically to characterize these rights as issuing from any law providing for specific civil rights stated in terms of racial equality; rather, these are rights granted in terms of broad application to all citizens. "The statute does not authorize removal to protect the broad guarantees of the constitution." Miller v. Wade, 420 F.2d 490 (5th Cir. 1969), *cert. denied* 397 U.S. 1068, 90 S.Ct. 1509, 25 L.Ed.2d 690 (1970).

In passing, the Court is compelled to note that although Greenwood and Rachel concerned criminal prosecutions, those decisions are apposite in this case because of the extensive general analysis of removal under 28 U.S.C. § 1443 contained therein. See City of Cleveland v. Corley, 398 F.2d 41, 44 (6th Cir. 1968).

Defendants also contend that this action is removable to federal district court on the basis of 28 U.S.C. § 1441(b) since this Court would have original jurisdiction under 28 U.S.C. § 1343 to redress the deprivation of defendants' rights secured by the Constitution of the United States. In pertinent part, 28 U.S.C. § 1343 provides:

"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
(3) To redress the deprivation, under color of any State law . . . of any right, privilege or immunity secured by the Constitution of the United States . . . "

\* \* \* \* \* \*

■ In positing this theory of removal, no supporting authority is cited. Conceding, without deciding, that the defendants could bring an action under 28 U.S.C. § 1343 in federal district court, it does not follow that therefore they can, pursuant to 28 U.S.C. § 1441, *remove* a suit for injunctive relief brought by a state officer purporting to act pursuant to state obscenity laws. No authority in support of the defendants' position in this regard has been found. The Court is of the opinion that it is without support in logic or precedent.

Although it is not clear on the face of the removal petition, it may be said that defendants have sought removal on the basis of 28 U.S.C. § 1441(b) generally. That subsection provides:

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or

laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

 It is incontrovertible that in order to remove an action initiated in state court to a federal district court, it is necessary that such action could have originally been brought in federal court. E. g., Matter of Dunn, 212 U.S. 374, 29 S.Ct. 299, 53 L.Ed. 558 (1909); Tennessee Valley Authority v. Tennessee Electric Power Co., 90 F.2d 885 (C.C.A., 6th Cir., 1937); Denson v. Williams, 341 F. Supp. 180 (S.D.Tex.1972); City of Galveston v. International Org. of Masters, Mates & Pilots, 338 F.Supp. 907 (S.D. Tex.1972); Abernathy v. Consolidated Cab Company, 169 F.Supp. 831 (D.Kansas 1959).

As the Attorney General points out, it is not alleged by the defendants that, in the words of the statute, "none of the parties in interest properly joined and served as defendants" is a citizen of Tennessee; consequently, the only ground remaining upon which to seek removal is that the federal district courts would have original jurisdiction of this action because it "[is] founded on a claim or right arising under the Constitution, treaties or laws of the United States." Accordingly, the Court is confronted with what is called, perhaps inaccurately, the "federal question" issue. It must be conceded that issues involving the Constitution of the United States do here exist and it may well be

that their importance is paramount. The "federal question" doctrine, however, requires an approach of quite a different nature. The leading case is Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936), in which Justice Cardozo thus explains the matter:

"To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the *plaintiff's* cause of action . . . The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another . . . A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto . . . *and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal* . . . Indeed the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense." 209 U.S. at 112–113, 57 S.Ct. at 97–98 (Emphasis added) [2]

The passage of time has not attenuated the validity of the *Gully* opinion. *E. g.*, State of Oklahoma ex rel. Wilson v. Blankenship, 447 F.2d 687 (10th Cir. 1971), cert. denied 405 U.S. 918, 92 S.Ct. 942, 30 L.Ed.2d 787; Crow v. Wyoming Timber Products, 424 F.2d 93 (10th Cir., 1970); Urban Renewal Authority of City of Trinidad v. Daugherty, 271

2. A factual situation somewhat analogous to that of the instant case was involved in Arkansas v. Kansas & Texas Coal Co., 183 U.S. 185, 22 S.Ct. 47, 46 L.Ed. 144 (1901). There the Supreme Court said:

Hence it has been settled that a case cannot be removed from a state court . . . on the sole ground that it is one arising under the Constitution, laws or treaties of the United States, unless that appears by plaintiff's statement of his own claim; and if it does not so appear, the want of it cannot be supplied by any statement of the petition for removal or in the subsequent pleadings. And, moreover, that jurisdiction is not conferred by allegations that defendant intends to assert a defense based on the Constitution or a law or treaty of the United States, or under statutes of the United States or of a state, in conflict with the Constitution. 183 U.S. at 188, 22 S.Ct. at 48.

F.Supp. 729 (D.Colo.1967); Alaska Bar Association v. Dickerson, 240 F.Supp. 732 (D.Alaska 1965); Olsen v. Doerfler, 225 F.Supp. 540 (E.D.Mich.1963); In re Stuart, 143 F.Supp. 772 (W.D.Mich. 1956). In *Olsen, supra,* the county prosecuting attorney sued to enjoin the sale and distribution of certain allegedly obscene printed material seized in connection with the arrest of defendant Doerfler (under the Michigan criminal anti-obscenity laws). Such injunctive proceedings were authorized by a Michigan statute. In discussing removal under 28 U.S.C. § 1441(b), the District Court stated: "A controversy raising a Federal question must be described on the face of the complaint unaided by answer or petition for removal [citing *Gully*] . . . No such controversy is here involved." 225 F.Supp. at 542.

The Court is persuaded that there is no "claim or right arising under the Constitution . . . or laws of the United States" here such as would entitle the defendants to removal. It must be obvious that the authority upon which the Attorney General relies in commencing this action is the statutory law of Tennessee. The fact that there are federal questions which lurk in the wings is, without more, insufficient grounds for removal, for indeed every question of law will ultimately present a "federal question" if one delves deeply enough. As Justice Cardozo phrased the matter:

> "The federal nature of the right to be established is decisive—not the source of the authority to establish it." [quoting Puerto Rico v. Russel & Co., 288 U.S. 476, 53 S.Ct. 447, 77 L.Ed. 903]. Here the right to be established is one created by the state. If that is so, it is unimportant that federal consent is the source of state authority. To reach the underlying law we do not travel back so far. By unimpeachable authority, a suit brought

upon a state statute does not arise under an act of Congress or the Constitution of the United States because prohibited thereby. 299 U.S. at 116, 57 S.Ct. at 99.

The Court is, therefore, of the opinion that the petition for removal must be denied and that the case must be remanded to the state court. This approach appears to be consistent with that of the other courts which have faced similar issues.[3] In so holding, the Court does not in any way pass upon the federal constitutional claims sought to be asserted by the defendants. Rather, those claims are reserved for such consideration as may be proper upon remand. The extent of the Court's holding here is simply that this case is not properly removable under either 28 U.S.C. § 1443 or 28 U.S.C. § 1441. Accordingly, the defendants' petition to remove is denied and the case is remanded to the Chancery Court for Hamilton County, Tennessee.

It is so ordered.

---

3. Grove Press Inc. v. City of Philadelphia, 300 F.Supp. 281 (E.D.Pa.1969), modified in part on other grounds and affirmed, 418 F.2d 82 (3d Cir. 1969); Olsen v. Doerfler, 225 F.Supp. 540 (E.D.Mich. 1963).