STATE OF TENNESSEE, ex rel. Richard
A. FISHER, District Attorney Gener-
al, 24th Judicial Circuit,

v.

C. C. MANIFEST OF TENNESSEE, INC.,
a domestic corporation, et al.

Civ. A. No. 6849.

United States District Court,
E. D. Tennessee, S. D.

Aug. 22, 1973.

C. Hayes Cooney, Asst. Atty. Gen., Nashville, Tenn., for plaintiff.

Alley & Raulston, Hixson, Tenn., for C. C. Manifest of Tennessee, Inc.

Joe Bagwell, Cleveland, Tenn., for Dennis White and June White.

## MEMORANDUM

FRANK W. WILSON, Chief Judge.

The District Attorney General for the 24th Judicial Circuit of the State of Tennessee, Richard A. Fisher, filed this lawsuit in the State Circuit Court at Benton, Tennessee, seeking to have the defendant, C. C. Manifest of Tennessee, Inc., both temporarily and permanently enjoined from conducting a public entertainment enterprise in Polk County, Tennessee, upon September 1 and 2, 1973, the entertainment enterprise being referred to in the complaint as a "rock musical concert." The injunction is sought upon allegations that the concert, if conducted, would violate or threaten to violate certain laws of the State of Tennessee relating to public safety and public health, as well as certain criminal laws of the State, all of which it is alleged would constitute a public nuisance subject to judicial abatement under state law. This lawsuit was filed in the state court upon August 16, 1973, and removed to this court by the defendant upon August 21, 1973, the date upon which a hearing was scheduled in the state court upon the plaintiff's application for a temporary restraining order. By reason of the filing of the removal petition no hearing was held in the state court upon the temporary restraining order. Rather, a motion to remand was filed in this court upon the date of the removal of the case. In view of the time limitations here involved and to avoid prejudice to the rights of either party, a hearing upon the motion to remand was expedited with oral argument in support of and in opposition to the motion to remand having been received upon August 21 and 22, 1973. The case is before the Court at this time only with reference to the jurisdictional issue, that is, whether the lawsuit was properly removed to this court or whether it must be remanded for further proceedings in the state court. No issue with reference to the merits of the lawsuit is now before the Court.

The defendant contends that it was entitled to remove this lawsuit to this court pursuant to two federal statutory provisions, 28 U.S.C. § 1441(b) and 28 U.S.C. § 1443(1).

Section 1441(b) provides in pertinent part:

"§ 1441. *Actions removable generally*

\* \* \* \* \* \*

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties . . ."

It is uncontrovertible that in order to remove an action initiated in a state court to a Federal District Court, it is necessary that such action would have been subject to have been original-

ly brought in the federal court. E.g., Matter of Dunn, 212 U.S. 374, 29 S.Ct. 299, 53 L.Ed. 558 (1909); Tennessee Valley Authority v. Tennessee Electric Power Co., 90 F.2d 885 (C.C.A., 6th Cir., 1937); Denson v. Williams, 341 F.Supp. 180 (S.D.Tex.1972); City of Galveston v. International Org. of Masters, Mates & Pilots, 338 F.Supp. 907 (S.D.Tex. 1972); Abernathy v. Consolidated Cab Co., 169 F.Supp. 831 (D.Kansas 1959).

 The defendant's contention with reference to Section 1441(b) is, in essence, that the complaint, when read in the context of the plaintiff's real purposes, would violate the defendant's rights under various amendments of the Federal Constitution as well as federal laws relating to civil rights and interstate commerce and that accordingly the lawsuit is in reality "founded on a claim or right arising under the Constitution, treaties or laws of the United States." It must be conceded that issues involving the Constitution of the United States do here exist and it may well be that their importance is paramount. The "federal question" doctrine, however, requires an approach of quite a different nature. The leading case in this regard is Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936), in which Justice Cardozo thus explains the matter:

> "To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the *plaintiff's* cause of action . . . The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another . . . A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto . . . *and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal* . . . Indeed the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense." 299 U.S. at 112–113, 57 S.Ct. at 97–98 (Emphasis added)

The passage of time has not attenuated the validity of the *Gully* opinion. E. g., State of Oklahoma ex rel. Wilson v. Blankenship, 447 F.2d 687 (10th Cir. 1971), cert. denied 405 U.S. 918, 92 S.Ct. 942, 30 L.Ed.2d 787; Crow v. Wyoming Timber Products, 424 F.2d 93 (10th Cir., 1970); Urban Renewal Authority of City of Trinidad v. Daugherty, 271 F.Supp. 729 (D.C.Colo.1967); Olsen v. Doerfler, 225 F.Supp. 540 (E.D.Mich. 1963); In re Stuart, 143 F.Supp. 772 (W.D.Mich.1956). In *Olsen, supra,* the county prosecuting attorney sued to enjoin the sale and distribution of certain allegedly obscene printed material seized in connection with the arrest of defendant Doerfler (under the Michigan criminal anti-obscenity laws). Such injunctive proceedings were authorized by a Michigan statute. In discussing removal under 28 U.S.C. § 1441(b), the District Court stated: "A controversy raising a Federal question must be described on the face of the complaint unaided by answer or petition for removal [citing *Gully*] . . . No such controversy is here involved." 225 F.Supp. at 542.

The Court is persuaded that there is no "claim or right arising under the Constitution . . . or laws of the United States" here such as would entitle the defendants to removal. It must be obvious that the authority upon which the Attorney General relies in commencing this action is the statutory law of Tennessee. The fact that there are federal questions which lurk in the wings is, without more, insufficient grounds for removal, for indeed every question of law will ultimately present a "federal question" if one delves deeply enough. As Justice Cardozo phrased the matter

" 'The federal nature of the right to be established is decisive—not the source of the authority to establish it.' [quoting Puerto Rico v. Russel & Co., 288 U.S. 476, 53 S.Ct. 447, 77 L.Ed. 903]. Here the right to be established is one created by the state. If that is so, it is unimportant that federal consent is the source of state authority. To reach the underlying law we do not travel back so far. By unimpeachable authority, a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States because prohibited thereby." 299 U.S. at 116, 57 S.Ct. at 99.

The defendant has cited three cases for the proposition that the federal question does not necessarily have to appear from the face of the complaint. Each case cited, however, involved a statement of facts interpreted as necessarily constituting a claim based upon federal law but without specific reference to federal law. These cases are clearly distinguishable from the present complaint where the complaint is expressly predicated upon the statutory laws of Tennessee and federal question arises, if at all, as a defense.

Professor Wright in his treatise "Law of Federal Courts" summarizes the law in this regard as follows:

"These instances can be generalized, and the cases fully support the rule that the court is to consider the facts disclosed on the record as a whole in determining removability, with the one qualification that the existence of a federal question must appear from the well pleaded complaint, not from the answer." p. 145.

■ The defendant also contends that since its federal civil rights will be in issue in the lawsuit, the action is subject to removal under 28 U.S.C. § 1443(1), which provides as follows:

"Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; * * * *"

Regarding subsection (1) of 28 U.S. C. § 1443, the Court adverts to the construction of that subsection by the United States Supreme Court in Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966):

"Section 1443(1) entitles the defendants to remove these prosecutions to the federal court only if they meet both requirements of that subsection. They must show both that the right upon which they rely is a 'right under any law providing for . . . equal civil rights,' and that they are 'denied or cannot enforce' that right in the [state court]."

The Supreme Court thereupon undertook an elucidation of the first requirement. Ultimately it was decided:

"On the basis of the historical material that is available, we conclude that the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights *stated in terms of racial equality*. Thus, the defendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands." 384 U.S. at 792, 86 S.Ct. at 1790 [Emphasis added]

Underscoring this proposition, the Court in Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966), declared:

"The First Amendment rights of free expression, for example, so heavily relied upon in the removal petitions, are not rights arising under a law providing for 'equal civil rights' within the meaning of § 1443(1)."

This Court is of the opinion that the above language is dispositive of the questions relating to the defendants' petition for removal under § 1443(1). It is manifest that the defendants are not invoking or asserting any rights under laws providing for "equal civil rights." It would appear that the chief rights asserted by the defendants are those of freedom of expression and freedom of assembly provided for in the First Amendment. As to such First Amendment rights, the Court feels that the language quoted above from both Greenwood v. Peacock and Georgia v. Rachel is clearly controlling. Grove Press, Inc. v. City of Philadelphia, 300 F.Supp. 281 (E.D.Pa.1969), modified in part on other grounds and affirmed, 418 F.2d 82 (3rd Cir. 1969). Further, the defendants aver that their Fifth and Fourteenth Amendment rights have been abridged, as well as their right to freedom of interstate movement.

This Court is, however, unable logically to characterize these rights as issuing from any law providing for specific civil rights stated in terms of racial equality; rather, these are rights granted in terms of broad application to all citizens. "The statute does not authorize removal to protect the broad guarantees of the Constitution." Miller v. Wade, 420 F. 2d 489 (5th Cir. 1969), cert. denied 397 U.S. 1068, 90 S.Ct. 1509, 25 L.Ed.2d 690 (1970).

In passing, the Court is compelled to note that although Greenwood and Rachel concerned criminal prosecutions, those decisions are apposite in this case because of the extensive general analysis of removal under 28 U.S.C. § 1443 contained therein. See City of Cleveland v. Corley, 398 F.2d 41, 44 (6th Cir. 1968).

■ Removal under Section 1443(1) is available only in "the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court". Greenwood v. Peacock, supra. It is clear that the present case does not meet those exacting standards.

■ The defendant seeks to expand the rule in Greenwood and Rachel by contending that its civil rights are being violated under 18 U.S.C. § 245, a statute enacted since the decision in Greenwood and in Rachel, and that the rule in these cases should be accordingly expanded to include such rights. This contention is believed to be without merit, however, as the Court in Greenwood and Rachel was interpreting Section 1443, Title 28 U.S. C., a matter not in any way affected by the subsequent passage of 18 U.S.C. § 245. Additionally, 18 U.S.C. § 245 is a criminal statute that confers no new civil rights upon one standing in the place of the defendant. Williams v. Tri-County Community Center, 452 F.2d 221 (5th Cir. 1971); People v. Horelick, 424 F.2d 697 (2nd Cir. 1969).

The Court is, therefore, of the opinion that the petition for removal must be denied and that the case must be remanded to the state court. In so holding, the Court does not in any way pass upon the federal constitutional claims sought to be asserted by the defendant. Rather, those claims are reserved for such consideration as may be proper upon remand. The state court is under the same duty as is this Court to accord protection to these rights. The extent of the Court's holding here is simply that this case is not properly removable under either 28 U.S.C. § 1441 or 28 U. S.C. § 1443. Accordingly, the defendant's petition to remove is denied and the case will be remanded to the Circuit Court for Polk County, Tennessee.

An order will enter accordingly.