ROBERTSON, State Revenue Agent, v. JORDAN RIVER LUMBER CO.
(two cases).

SAME v. WOLF RIVER LUMBER CO.

(Circuit Court of Appeals, Fifth Circuit. January 25, 1921.)

Nos. 3604–3606.

1. **Appeal and error ⬤⟻185 (1) —Jurisdiction of federal District Court raised by Circuit Court of Appeals.**

   Since the consent of parties cannot confer jurisdiction on the federal District Court, the Circuit Court of Appeals will determine the question of the District Court's jurisdiction, though it was not raised by either party.

2. **Removal of causes ⬤⟻41—Suit by agent on behalf of state not removable for diverse citizenship.**

   A suit by a state revenue agent to recover land, the title to which was alleged to be in the state, is a controversy to which the state is a party, and which cannot be removed to the United States court as a controversy between citizens of different states.

3. **Removal of causes ⬤⟻41—State, as trustee for class, is not nominal party.**

   The state, as the holder of the legal title to lands sought to be recovered in trust for a class as beneficiaries, is not a merely nominal party to the suit, and the suit, therefore, cannot be removed to the United States court for diversity of citizenship.

Appeals from the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Three suits by Stokes V. Robertson, as State Revenue Agent, two against the Jordan River Lumber Company and one against the Wolf River Lumber Company. Decree for defendant in each suit, and complainant appeals. Reversed, with instructions to remand the causes to the state court.

See, also, Robertson v. Hines, 267 Fed. 605.

F. C. Hathorn and A. A. Hearst, both of Hattiesburg, Miss., for appellant.

V. A. Griffith and W. L. Wallace, both of Gulfport, Miss., for appellees.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. Stokes V. Robertson, "revenue agent for the state of Mississippi, herein suing for the state of Mississippi, as trustee for the use and benefit of the inhabitants of" certain designated townships, filed the above suits against Jordan River Lumber Company in the chancery court of Hancock county, Miss., and a suit against Wolf River Lumber Company in the chancery court of Pearl county, Miss. Each suit alleged the title to the land to be in the state of Mississippi; it did not claim any interest in the subject-matter of the suit in the complainant, who sued alone as the agent of the state; it prayed a decree in favor of the state, as trustee and holder of the legal title. Each case was removed to the United States District Court for the Southern District of Mississippi on the sole ground that the controversy therein was between citizens of different states.

[1] No point appears to have been raised on the jurisdiction of the United States District Court. This court has, however, raised the question that each suit is in fact one by the state of Mississippi, as the trustee and holder of the legal title, and that the District Court acquired no jurisdiction of the case, as presenting a controversy between citizens of different states, by such removal. The Supreme Court of the United States has declared:

"On every writ of error or appeal the first and fundamental question is that of jurisdiction, first of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it." M., C. & L. N. Ry. Co. v. Swan, 111 U. S. 379, 382, 4 Sup. Ct. 510, 511 (28 L. Ed. 462).

The consent of parties could not confer jurisdiction. Chicago, Burlington & Quincy Ry. Co. v. Willard, 220 U. S. 413, 31 Sup. Ct. 460, 55 L. Ed. 521.

[2] A suit by an agent of the state as a nominal party in behalf of the state presents a controversy to which the state is a party, and cannot be removed to the United States court as a controversy between citizens. Ferguson v. Ross (C. C.) 38 Fed. 161, 3 L. R. A. 322; Missouri Ry. Co. v. Missouri Rd. Com'rs, 183 U. S. 53, 59, 22 Sup. Ct. 18, 46 L. Ed. 78; In re Ayers, 123 U. S. 443, 489, 8 Sup. Ct. 164, 31 L. Ed. 216. A state is not a citizen, and a suit in which she is a party to the controversy is not removable on the ground of diverse citizenship. Stone v. South Carolina, 117 U. S. 430, 6 Sup. Ct. 799, 29 L. Ed. 962.

[3] The state, as the holder of the legal title of these lands in trust for a class as beneficiaries, is not a merely nominal party. Foster's Fed. Pr. (6th Ed.) § 44; Wilson v. Oswego Township, 151 U. S. 56, 65, 14 Sup. Ct. 259, 38 L. Ed. 70. The United States District Court, therefore, had no jurisdiction of these cases. Chicago, R. I. & P. Ry. Co. v. State of Nebraska, 251 Fed. 279, 163 C. C. A. 435.

The decrees in these causes are therefore reversed, with instructions to the District Court to remand them to the state court.