PAINE, et al. *v.* MATTHEWS, et al.

Mar. 3, 1952.

No. 38293 (57 So. (2d) 148)

**Dunn & Singley,** for appellants.

Russell Wright, for appellees.

**Ethridge, J.**

This is a municipal taxpayers' suit by C. A. Matthews et al., appellees, complainants below, against the Mayor and Councilmen of the City of Meridian, appellants, defendants below, seeking to impose personal liability on appellants for the benefit of the city for an alleged appropriation of city money by appellants to an object not authorized by law.

Appellants' general demurrer to appellees' bill of complaint was overruled by the Chancery Court of Lauderdale County, and upon appellants' application the court allowed an interlocutory appeal "to settle all the controlling principles involved". Hence for this appeal we assume as true the matters well pleaded in the bill. It first charged that appellees were bringing the action as taxpayers on behalf of themselves and all other taxpayers of the City of Meridian under an amendment to the charter of the city, Miss. Laws 1888, Chap. 228, Sec. 15, which will be

referred to later. The bill invited all taxpayers to join in the suit, and charged that demand had been made upon the mayor and councilmen to obtain restoration of the monies which were illegally appropriated and that this demand had been refused. The City of Meridian now operates under the council-manager form of government, Miss. Laws 1948, Chap. 385. The bill averred that on January 2, 1949, the city council employed George J. Roark as city manager and twelve days later, by resolution, directed the city manager to countersign with the city clerk and treasurer all checks issued by the city; that from March 2 to July 11, 1949, Roark caused to be issued by the city clerk and treasurer four different checks totalling $2500, payable to Jack Kinny, photostatic copies of these checks being made exhibits and that these checks had been paid by the city depository—bank.

The bill then averred that "at the time of the issuance of these checks or vouchers, the city council had never, by ordinance, resolution, or otherwise, authorized the expenditure of any part of such sum of $2500 * * *; nor had the city council ever authorized the employment of any 'Jack Kinny' * * * by ordinance, resolution, or otherwise, for any purpose". It charged that the city council had appropriated 1949 salaries for five members of the detective bureau of that city; that on December 31, 1949, the city council passed an ordinance attempting to ratify the stated expenditures of $2500 to Jack Kinny. A copy of this ordinance was attached as an exhibit. It did not refer specifically to the payments to Kinny, but approved "certain expenditures heretofore made" in the amount of $2500 for the purpose of procuring evidence of the violation of the city ordinances against the unlawful sale and keeping of intoxicating liquors. The bill then charged that this ordinance of December 31, 1949 was ineffective to constitute a ratification of the expenditures to Kinny and that "such expenditure was still not for a lawful purpose, and wholly unjustified and could not be ratified."

The bill averred that the city manager had no authority to employ a secret investigator or detective, and that the real purpose of the employment of Jack Kinny was to act as a secret investigator for Roark of the members of the police force of Meridian, and that "the City of Meridian received nothing of value for said expenditure of $2500, and that such expenditures were for an object not authorized by law". Hence the bill charged that defendant Roark and the other defendants, the mayor and councilmen of the city, appellants, were personally liable for the $2500 for the use of the City of Meridian, and prayed for a personal judgment in that amount. The chancellor sustained Roark's demurrer to the bill, apparently under Code of 1942, Sec. 4040. Appellees, complainants below, take no appeal from that action, so we consider it no further. The chancellor overruled the general demurrer of appellants, mayor and councilmen of the city, defendants below, on the ground that the bill stated a cause of action, because the bill charged that the appropriation was made for services performed by Kinny for Roark, that the city received nothing of value for such an appropriation, and that it was made for an object not authorized by law.

This action seeking to impose personal liability upon the officers of the City of Meridian is based upon an amendment to the city's charter, Sec. 15 of the Miss. Laws of 1888, Chap. 228, which provides: "Sec. 15. Be it further enacted, That if said boards or either of them shall enter into any contract with any member of said board or officer of said city in violation of the preceding sections, or shall appropriate any money to any object not authorized by the charter of said city, the members of such board shall be liable personally for such sum of money, to be recovered by suit in the name of their successors in office, or in the name of any person who is a tax payer, who will sue for the use of said board, but any member of the boards of aldermen or common council may be discharged from liability in such suit by plea and proof

that he voted against such unauthorized contract or appropriation of money.''

This charter provision was carried forward when the city assumed the commission form of government under Miss. Laws 1912, Ch. 120. Code of 1942, Sec. 3811, part of the 1912 statute, provided that all laws governing cities formerly under a private charter should continue to apply under the commission form, where not inconsistent with the later provisions. See also Code Sec. 3803. Subsequently, the City of Meridian adopted the council-manager form of government under Miss. Laws 1948, Ch. 385, and Secs. 26 and 29 of that statute also carried forward the quoted charter provision in the 1888 law. Hence appellees' action is based upon and limited by the quoted provisions of Section 15, Ch. 228, Laws of 1888.

The effects of the allegations of the bill are to charge that the city manager caused $2500 of city funds to be paid out to Jack Kinny from March to July 1949; that these expenditures were for an object not authorized by law; that the City of Meridian received no value for such expenditures; and that the ordinance of December 31, 1949 was an attempt to ratify the prior expenditures. The 1888 statute imposes liability if the governing body ''shall appropriate any money to any object not authorized by the charter of said city''. Yet here the council made no appropriation. It merely attempted to ratify the expenditures which had already been made. An appropriation by municipal authorities presupposes an act of allotment or appropriation of funds by the council at the time of or prior to their disbursement. 3 Words and Phrases, pages 795, 804; Webster's International Dictionary (2d ed. 1950), p. 133; 6 C. J. S., pages 121-124. Webster's Dictionary defines an appropriation as ''money set apart by formal action to a specific use''; ''to set apart for, or assign to, a particular purpose or use, in exclusion of all others.''

Hence the mayor and councilmen made no appropriation, but simply attempted to ratify the unlawful expendi-

tures which had already been made by the city manager and city clerk and treasurer. Yet it is well established that ██ ██ an illegal municipal contract, being void, is not susceptible of ratification. 63 C. J. S., Municipal Corporations, Sec. 1009; 38 Am. Jur., Municipal Corporations, Sec. 509.

██ ██ The governing statute imposing personal liability upon municipal officers is highly penal in nature, and accordingly must be restricted to its terms. Compare Code of 1942, Secs. 2943-2945; Craig v. Wheat, Miss. 1951, 54 So. (2d) 383. It imposes personal liability upon the mayor and councilmen for an appropriation of money to an object not authorized by law, ██ ██ but here the bill expressly charges that the mayor and council did not make the appropriation of the funds paid out to Kinny. And the ordinance of December 31, 1949, is not effective as a ratification of the prior payments to Kinny because the council could not ratify the illegal payments. Hence under either possible alternative basis of the bill of complaint, it states no cause of action. Since the money was paid out of the city treasury with no authorization or appropriation by the council, the mayor and members of the council are not liable for the unauthorized act of the city manager and city treasurer in unlawfully paying out the city funds; and the ordinance of December 31, 1949 could be effective as a ratification only if the funds could have been lawfully appropriated in the first instance. For these reasons the chancery court erred in overruling appellants' demurrer to the bill of complaint.

Reversed, judgment rendered sustaining appellants' demurrer to bill of complaint, and cause remanded.

**Roberds, Alexander, Lee,** and **Arrington, JJ.,** concur.