BRADY, Justice.
The executors of the estate of Hillary W. Carter, deceased, have filed a suggestion of error, which we overrule. State ex rel. Patterson v. Warren, 180 So.2d 293 (Miss.1965). Paine v. Matthews, 213 Miss. 506, 57 So.2d 148 (1952), cited in our original opinion, does not affect the conclusion that Mississippi Code Annotated section 2944 (1956), upon which this suit is based, is not a penal statute. Paine simply held that the mayor and councilmen made no appropriation, but attempted to ratify unlawful expenditures already made by employees, and an illegal contract, being void, was not susceptible of ratification. Thus the nature of the statute was not an issue and was not so considered in that opinion. The reference thereto in Paine was unnecessary to the decision.
However, on a subsidiary point, we think the suggestion of error by Mrs. Clara Reber McGehee should be sustained. She was sued originally as executrix of the estate of her husband. He died on March 7, 1953, and his estate was administered and finally closed within about seven and one-half months after his death, on October 30, 1953. On February 20, 1958, by agreement of the parties, the suit was dismissed as to Mrs. McGehee in her capacity as executrix. The complainants’ motion to amend was sustained, and Mrs. McGehee was made defendant as the widow and sole devisee and legatee under the will of decedent. The court thereafter sustained her demurrer to the bill.
 Mississippi Code Annotated section 609 (1956) provides that: “Executors, administrators, and temporary administrators” are liable to be sued in any “personal action.” This was a personal action which survived. Code section 525 recognizes the right of a creditor to obtain administration, and the holder of a claim against ah estate is a creditor. Great Southern Box Co. v. Barrett, 231 Miss. 101, 94 So.2d 912 (1957).
*236 In Powell v. Buchanan, 245 Miss. 4, 147 So.2d 110 (1962), the petitioner, who had a claim against the estate of a deceased for injuries sustained in an automobile accident, filed a petition to reopen the account of the administratrix in the estate. Previously the estate had been closed shortly after expiration of six months from the date of letters testamentary, during which a suit cannot be brought against an executrix. Miss. Code Ann. § 612 (1956). It was held that the chancellor should have reappointed the widow as administratrix, or some other person as administrator, if she did not desire to serve, under section 525. It was said that the right of petitioner could not be defeated by an early termination of the estate. He had the right to present his claim against a representative of the estate.
In the instant case, the State, as an alleged creditor of the estate, should have followed the procedure outlined in Powell, by requesting the trial court to appoint either the widow, if she desired to serve, or another person as administrator of the estate, and by making that administrator a party defendant to its action.
Mrs. McGehee’s liability, if any, is derivative only to her husband’s estate, and to the maximum extent only of the amount of her inheritance from that estate. Code section 609, the survival statute, does not authorize the State to sue the widow of the deceased supervisor in her individual capacity, in a suit to establish liability of the estate. Hill v. James, 175 So.2d 176 (Miss.1965). Hence the suggestion of error is sustained in part as to appellee, Mrs. Clara Reber McGehee, and, as to her only, the decree of the chancery court is affirmed.
In all other respects, the suggestion of error is overruled.
Suggestion of error overruled in part and sustained in part, and decree of Chancery Court affirmed as to Mrs. Clara Reber McGehee.
All Justices concur.