**Ashton J. MOUTON, Collector of Revenue, State of Louisiana, Plaintiff-Appellant,**

v.

**SINCLAIR OIL AND GAS COMPANY, Defendant-Appellee.**

No. 26751.

United States Court of Appeals
Fifth Circuit.

April 22, 1969.

Rehearing Denied May 19, 1969.

**718**

Cyrus A. Greco, Carl E. Cooper, Emmett E. Batson, John B. Levy, Huey H. Breaux, La. Dept. of Revenue, Legal Div., Baton Rouge, La., for plaintiff-appellant.

Clyde R. Brown, Monroe, for defendant-appellee; Shotwell, Brown & Sperry, Monroe, La., of counsel.

Before AINSWORTH and SIMPSON, Circuit Judges, and MITCHELL, District Judge.

PER CURIAM:

· This suit was originally filed by the Louisiana Collector of Revenue in a Louisiana state court to collect certain state severance taxes claimed to be due by defendant Sinclair Oil and Gas Company. Sinclair removed the suit to the federal district court and the Collector's motion to remand for lack of jurisdiction was denied. Sinclair's motion for summary judgment based on our prior holding in Mississippi River Fuel Corporation v. Cocreham, 5 Cir., 1967, 382 F. 2d 929, rehearing denied, 1968, 390 F.2d 34, cert. denied, Mouton v. Mississippi River Fuel Corp., 390 U.S. 1015, 88 S.Ct. 1264, 20 L.Ed.2d 164 (1968), was granted and the Collector of Revenue has appealed.

All of the legal contentions raised by the Collector in this case have heretofore been considered and ruled on adversely to him by this Court in the *Mississippi River Fuel* case. (See our per curiam decision released this day in the companion cases of Shell Oil Co. v. Mouton, No. 26493, and Mouton v. Shell Oil Co., No. 26730, 410 F.2d 715)

■■ Nor is there any merit in the Collector's contention that this suit was improperly removed from the Louisiana state court to the federal district court since it is apparent that the federal court has jurisdiction both under diversity of citizenship, 28 U.S.C. § 1332, in that the Collector is acting unconstitutionally and therefore in an individual capacity and not as the official representative of the State of Louisiana, and because a federal question is presented,

28 U.S.C. § 1331, in that the Collector is attempting to collect severance taxes on oil and gas produced from a federal military enclave, Barksdale Air Force Base, Louisiana, on which the United States has exclusive jurisdiction as provided by Article I, Section 8, Clause 17, of the United States Constitution. See *Mississippi River Fuel Corporation*, 382 F. 2d at 934, citing Georgia R. R. & Banking Co. v. Redwine, 342 U.S. 299, 72 S.Ct. 321, 96 L.Ed. 335 (1952), and Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), in support thereof. It was proper, under 28 U.S.C. § 1446, to consider the stipulation of fact, together with the allegations of the complaint, on the petition of the Collector for removal.

Being of the opinion, therefore, that our holding in *Mississippi River Fuel*, supra, is conclusive as to all the legal issues presented in this case, the judgment appealed from is

Affirmed.