279 So.2d 648 (1973)
Evelyn GANDY, Commissioner of Insurance, and A.F. Summer, Attorney General, State of Mississippi, Complainants-Appellants,
v.
RESERVE LIFE INSURANCE COMPANY, Defendant-Appellee.
No. 47172.
Supreme Court of Mississippi.
June 18, 1973.
Maurice R. Black, Asst. Atty. Gen., Jackson, for complainants-appellants.
Bacon & Smith, Jackson, for defendant-appellee.
PATTERSON, Justice:
The Commissioner of Insurance and the Attorney General of the State of Mississippi *649 filed their bill of complaint against the Reserve Life Insurance Company praying for an injunction to restrain the defendant from increasing its premium rates on policies then in force and to order the reinstatement of policies terminated because of past rate increases. They also prayed for the refund of premiums in excess of past rates and that the defendant be enjoined from violating Chapter 473, Mississippi Laws of 1964, and for an accounting.
The defendant insurance company filed a demurrer to the bill of complaint and by it charged that the complainants were without lawful authority to maintain the suit, and additionally that the bill did not state a cause of action upon which relief could be granted. The Chancery Court of the First Judicial District of Hinds County sustained the demurrer without stating its reasons therefor and the complainants, having declined to amend the bill, appeal here.
The appellants first challenge that part of the demurrer which charges they are without lawful authority to institute and maintain this suit and argue that under the applicable law they are so empowered. We are of the opinion the Attorney General and the Commissioner of Insurance, both separately and conjunctively, have the lawful authority to maintain this suit. The Attorney General is a constitutional officer possessed of all the power and authority inherited from the common law as well as that specifically conferred upon him by statute. This includes the right to institute, conduct and maintain all suits necessary for the enforcement of the laws of the state, preservation of order and the protection of public rights. State v. Warren, 254 Miss. 293, 180 So.2d 293, 182 So.2d 234 (1965); Dunn Construction Co. v. Craig, 191 Miss. 682, 2 So.2d 166, 3 So.2d 834 (1941); and Capitol Stages v. State, 157 Miss. 576, 128 So. 759 (1930). Since the nature of the present bill is to maintain and preserve the lawfully enacted statutes of the state relating to insurance by restraining violations thereof, we conclude that the Attorney General is vested with the authority and, indeed, has the duty so to do.
The Insurance Commissioner similarly has the authority to enforce the statutory provisions relating to insurance by the institution of suit. Section 5624, Miss.Code 1942 (1956). Since each of these officials is empowered to bring suit, certainly there is no prohibition in their joining in a bill of complaint for the enforcement of the insurance statutes.
The more serious question is whether the allegations of the bill of complaint state a cause of action. A study of the bill other than its formal portions reveals it to consist of charges in general terms followed by conclusions of law without specific allegations of fact stating a cause of action upon which a decree could be framed. The only charge with any degree of specificity is that the insurance company violated Section 5615-31, Mississippi Code 1942 Annotated (1956) by raising the premiums on numerous health and accident insurance policies which resulted in some of the policies held by undesignated policyholders to be cancelled. Though Section 5615-31 relates to the cancellation of health and accident policies, under the provisions therein set forth (cancellation not authorized without one year's notice to the insured if the policy has been in effect for at least four years) it makes no mention of rate increases or the cancellation of policies resulting therefrom. Neither does it require notice of the rate increases to be filed with the commission as contended by the appellants.
We conclude the allegations of the bill of complaint charging improper premium rate increases in health and accident policies leading to the increased payments by some policyholders and to policy terminations by others is, not within the ambit of this section (5615-31) and does *650 not properly charge a violation of it. The allegations of the bill of complaint relied upon by the appellants are either so general that a cause of action is not stated or are not within the shadow of the specified section so that in either event, or in combination, no cause of action was stated. We are of the opinion that the trial court correctly sustained the demurrer.
Affirmed.
RODGERS, P.J., and INZER, ROBERTSON and WALKER, JJ., concur.