STATE OF ALABAMA ex rel. Chris N. GALANOS, Plaintiff,

v.

STAR SERVICE & PETROLEUM CO., INC., Defendant.

Civ. A. No. 85–0962–H.

United States District Court,
S.D. Alabama.

Aug. 8, 1985.

Thomas M. Galloway, Jr., Mobile, Ala., for plaintiff.

Mark G. Arnold, Ronald P. Slepian, Mobile, Ala., for defendant.

## ORDER

HAND, Chief Judge.

This case calls upon the Court to decide whether the state of Alabama is the real party plaintiff. If so, this case must be remanded to state court. If not, a plethora of legal conundrums arise. Fortunately, Pandora's box remains shut, as this case is to be remanded.

Having thus stated the solution, the Court reveals the circumstances and reasoning behind this decision.

On July 18, 1985, Chris N. Galanos, the district attorney for Mobile County, Alabama, filed an action under the Alabama Motor Fuel Marketing Act, (the Act), codified at Ala.Code §§ 8–22–1 to 8–22–18 (1975). This Act is apparently designed to forestall "price wars" between retail gasoline dealers in Alabama. Section 8–22–16(b) authorizes any district attorney to sue to enforce the Act. Alleging violations thereof, the plaintiff has sued the defendant, Star Service & Petroleum Co., Inc., (Star), seeking injunctive relief as well as the civil penalty authorized by the statute.

Star has filed a removal petition with this Court under 28 U.S.C. § 1441(a), alleging diversity of citizenship, 28 U.S.C. § 1332(a)(1), as the ground for jurisdiction. Plaintiff promptly moved for remand to state court, thereby conjuring up this memorandum.

Star is incorporated under the laws of Illinois, with its principal place of business in Missouri, making it a citizen of both of those states. 28 U.S.C. § 1332(c) (1976). As Mr. Galanos is a citizen of Alabama, diversity appears to exist. However, the plaintiff maintains that Mr. Galanos is acting only on behalf of the state of Alabama, which is the real plaintiff. The defendant's rejoinder to this is that Mr. Galanos is acting unconstitutionally, and hence only in his individual capacity. Thus, according to Star, the state is not the actual plaintiff.

■ Each party in this case has the benefit of resting its position on bedrock foundations in constitutional law. Thus, it is absolutely undisputed that a state, *qua* state, is not a citizen for purposes of the diversity statute. *Ford Motor Co. v. Dept. of Treasury,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945); *State Hwy. Com'n v. Utah Constr. Co.,* 278 U.S. 194, 49 S.Ct. 104, 73 L.Ed. 262 (1928); *Fitts v. McGhee,* 172 U.S. 516, 19 S.Ct. 269, 43 L.Ed. 535 (1899); *Postal Tel. Cable Co. v. State of Alabama,* 155 U.S. 482, 15 S.Ct. 192, 39 L.Ed. 231 (1894). It is equally undisputed that the Eleventh Amendment does not bar suits in federal court against state officers who are acting unconstitutionally. *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Moreover, when a state agency files an action in state court the out of state defendant may remove on the basis of diversity *if* the state is *not* the actual party plaintiff. *Missouri, Kan. & Tex. Ry. v. Bd. of R.R. & Warehouse Com'rs.,* 183 U.S. 53, 22 S.Ct. 18, 46 L.Ed. 78 (1901). The proper analysis of this issue thus consists of first determining if the state is the plaintiff under the state statutory scheme. Then the Court must decide whether *Ex Parte Young* is applicable.

■ The basis of the motion to remand is that Mr. Galanos is representing the state, who is the real plaintiff. Alabama law expressly confers upon the district attorney the duty of prosecuting civil actions on behalf of the state. Ala.Code §§ 6–5–1, 12–17–184(3) (1975). As already mentioned, the Act confirms this authority with regards to this statutory scheme. Ala. Code § 8–22–16(b) (1975). The Act does not, however, set up any agency, department or commission to oversee and enforce the statutory scheme. Therefore, many of the cases enunciating the standard for determining whether a state is a party are not directly applicable. Those cases speak in terms of analyzing certain factors bearing on the state's role. *See, e.g., State of Louisiana ex rel Guste v. Fedders Corp.,* 524 F.Supp. 552 (M.D.La.1981). When, as here, a state officer alone is involved, those factors may be relevant, but the Supreme

Court has stated "that the nature of a suit as one against the state is to be determined by the essential nature and effect of the proceedings." *Ford Motor Co., supra*, 323 U.S. at 464, 65 S.Ct. at 350. A number of cases have examined facts similar to those at bar, and determined that the state was the real party plaintiff. In *Olsen v. Doerfler*, 225 F.Supp. 540 (E.D.Mich.1963), a county prosecutor sued to enjoin the sale and distribution of allegedly obscene materials. In treating the contention that diversity existed the court noted that the prosecutor was a constitutional officer of the state who was enforcing Michigan law under express statutory authority. "In so doing, he was acting only in his official capacity and, consequently, the State of Michigan is the real party in interest." *Id.* at 541. *Olsen* was based on *Robertson v. Jordan River Lumber Co.*, 269 F. 606 (5th Cir.1921), in which the Fifth Circuit held that "[a] suit by an agent of the state as a nominal party in behalf of the state presents a controversy to which the state is a party, and cannot be removed." *Id.* at 607. Similarly, in *Eure v. NVF Co.*, 481 F.Supp. 639 (E.D.N.C.1979), the court held that a suit by the secretary of state in his official capacity is a suit by the state. Eure filed an action against the defendant corporation to enforce compliance with a North Carolina securities statute. In so doing he was acting "as the alter ego of the state" so diversity did not exist. *Id.* at 641. In *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241 (7th Cir.1981), the court applied the *Ford Motor* test and found that the state of Illinois was the real plaintiff. In determining the essential nature and effect of the proceedings, the court simply looked at whether Scott, the state attorney general, was acting in his official capacity. *Id.* at 250. As he was, the state was the real plaintiff. *Id.* Finally, in *State of New York ex rel. Abrams v. General Motors Corp.*, 547 F.Supp. 703 (S.D.N.Y.1982), the state attorney general sued to enjoin various fraudulent business practices allegedly performed by the defendant. In dealing with the contention that the state was not the real plaintiff, the court did not look merely to whether the attorney general was acting in his official capacity. The court also looked at factors similar to those used in resolving cases of agency action. The court found that the state had an interest in an honest marketplace and in protecting its citizens from fraud. This "quasi-sovereign" interest allows the state to act as *parens patriae*, and in such cases the state has a real interest in the controversy, justifying a decision that it is the real plaintiff. *Id.* at 705–06, 705 n. 5. The situation in the present case is identical. The state of Alabama has an interest in preventing unfair or dishonest competition, monopolies, and price wars. Ala.Code §§ 8–22–2 to 8–22–3 (1975). The Act protects those interests and thereby protects both independent retailers, *Id.* at § 8–22–2(3), and the general consuming public. This is obviously a "quasi-sovereign" interest in which the state is the real party in interest.

It is also contended, however, that the real party in interest is not the state, but certain independent dealers who made out affidavits in the state court. This contention is without merit. Whether other parties will benefit from this action does not affect the state's valid interest in enforcing this statutory scheme. The defendant's contention that this Court must accept as true the averments in the removal petition is erroneous. *See, e.g., Horak v. Color Metal of Zurich, Switzerland*, 285 F.Supp. 603 (D.N.J.1968) (court must make independent determination of removability).

■ Nor can it be argued that the County of Mobile is the real party because any funds recovered go into the county treasury. Ala.Code § 8–22–16(b) (1975). The county is an arm of the state, and although it is a citizen for purposes of diversity, *Moor v. County of Alameda*, 411 U.S. 693, 721, 93 S.Ct. 1785, 1801–02, 36 L.Ed.2d 596 (1973), the mere fact of possible recovery of a penalty does not vitiate the state's interest as *parens patriae*.

Having accomplished the first step of the analysis, the Court must decide whether *Ex Parte Young* mandates removal. This theory is based on the contention that the

district attorney is acting unconstitutionally. Ergo, argues the defendant, Mr. Galanos is not really acting in his official capacity, thus the state is not the real plaintiff. According to the defendant, Mr. Galanos is acting unconstitutionally because the statute authorizing his actions is unconstitutional.

*Ex Parte Young,* which has caused this problem, is a keystone of modern constitutional theory. *See* C. Wright, *The Law of Federal Courts* 292 (4th ed. 1983). In it, the Supreme Court held that the Eleventh Amendment does not bar a suit against a state officer who is acting unconstitutionally. If the act pursuant to which the officer is acting is unconstitutional, "the officer, in proceeding under such enactment, comes into conflict with the superior authority of [the] Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct." *Young,* 209 U.S. at 159–60, 28 S.Ct. at 454. The Eleventh Amendment immunity does not then apply. This doctrine is pure fiction, C. Wright, *supra,* at 292, but is applied nonetheless. The defendant's proposed extension, however, goes too far.

 Star proffers two cases as supporting its interpretation: *State of Ohio ex rel Seney v. Swift & Co.,* 270 F. 141 (6th Cir.1921) and *Mouton v. Sinclair Oil and Gas Co.,* 410 F.2d 717 (5th Cir.1969). *Seney* involved a suit by a county prosecutor to enjoin violations of an Ohio anti-trust law. The court therein interpreted *Young* as presenting the issue of whether the state was a real party in interest. This interpretation is erroneous. *Young* dealt with the Eleventh Amendment, an issue that is distinct from the real party in interest issue that is central to the diversity jurisdiction problem. *State of Louisiana ex rel. Guste v. Fedders Corp.,* 524 F.Supp. 552, 556 (M.D.La.1981). *Seney* has been severely criticized by subsequent decisions. *See Nuclear Eng'g Co. v. Scott,* 660 F.2d 241 (7th Cir.1981); *Eure v. NVF Co.,* 481 F.Supp. 639 (E.D.N.C.1979); *State Tax Com'n v. Union Carbide Corp.,* 386

F.Supp. 250 (D. Idaho 1974); *Olsen v. Doerfler,* 225 F.Supp. 540 (E.D.Mich.1963). According to *Scott, supra,* "[t]he fiction of *Ex Parte Young,* which merits that decision being considered a landmark in constitutional law, was created to further important interests wholly inapposite to Congress' grant of federal jurisdiction pursuant to 28 U.S.C. § 1332." 660 F.2d at 251 (citations and footnotes omitted). While admitting that this interpretation of *Young* results in an anomaly, that state officers are "state actors" for some purposes but not for others, the court pointed out that *Young* itself sanctioned such a paradoxical effect. Under *Young* state officials do not act pursuant to state authority for Eleventh Amendment purposes, even though they do so act for Fourteenth Amendment purposes. 660 F.2d at 251. This Court bears in mind the requirement that the removal statutes are to be construed narrowly, and against federal jurisdiction. *Shamrock Oil Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). *See also* C. Wright, *supra,* at 219. This is especially true when dealing with diversity cases. *Mielke v. Allstate Ins. Co.,* 472 F.Supp. 851 (E.D.Mich.1979). Remembering this axiom, the Court declines to apply *Young,* but instead follows the better reasoned authority that counsels remand.

One obstacle to this decision must still be disposed of, however. This is the *Mouton* case cited above as supporting the defendant's contentions. Actually, the defendant *argues* that it requires this Court to deny remand. Unfortunately for the defendant, *Mouton* is completely distinguishable.

To understand *Mouton* one must first understand its predecessor, *Mississippi River Fuel Corp. v. Cocreham,* 382 F.2d 929 (5th Cir.1967). In *Cocreham* the plaintiff corporation sued the Louisiana Collector of Revenue to obtain a refund of a severance tax imposed on oil and gas produced by the corporation on lands leased from the United States. Finding that Louisiana law expressly authorized such an action, the Fifth Circuit declined to decide whether the Eleventh Amendment barred

the suit, and then ruled that the tax was unconstitutional. In *Mouton* the defendant corporation, Sinclair Oil and Gas Company, was sued by the same official, (although a different individual occupied the position), to collect the identical tax. Sinclair removed the case to federal court and obtained a determination that the *Cocreham* case controlled the validity of the assessed tax. On appeal the Fifth Circuit held that removal was proper on two grounds. First, since the issue presented had already been decided in *Cocreham*, the Collector was plainly acting without state authority, because the action had already been adjudged unconstitutional. Secondly, the district court had jurisdiction under 28 U.S.C. § 1331, as the attempt to collect a tax on minerals produced on federal property presented a federal question. Therefore, it is evident that this case is not authority for the contention that an allegation of unconstitutionality, standing alone, justifies removal. Besides the fact that the decision rests on a finding of federal question jurisdiction, the companion holding can be justified on the grounds that the case is truly a matter of collateral estoppel. The Collector had already been told that the tax was invalid, so any attempts to enforce it were obviously invalid. In contrast, this case deals with an uninterpreted statute, and facially valid action by an authorized state officer to enforce that statute. This Court holds that *Mouton* must be limited to the particular facts present therein. If removal is allowed in this case, then virtually all state regulatory schemes could be tested in federal court before a state court even had an opportunity to construe its own statute. Every time a state officer sought to enforce a new statute against an out of state defendant, the defendant could simply construct a non-frivolous argument attacking the law's constitutionality and then remove the case. This Court is not inclined to allow such a disruption of state-federal relations. *Ex Parte Young* should not be extended to govern realms any wider than the already unwieldy territory over which it holds sway.

In summary, the Court holds that the real party in interest in this case is the state of Alabama, represented by the district attorney. The Court further holds that *Ex Parte Young* does not mandate treating the district attorney as the individual plaintiff, thus allowing removal. Therefore, this Court is without jurisdiction, and this case must be remanded to the state court. It is therefore ORDERED pursuant to 28 U.S.C. § 1447(c) that this case be, and it is, REMANDED to the Circuit Court of Mobile County, Alabama, removal having been improvidently granted.