**Jim HOOD, Attorney General ex rel. State of Mississippi Plaintiff**

**v.**

**MICROSOFT CORPORATION Defendant**

**No. 3:04 CV 800WS.**

United States District Court, S.D. Mississippi, Jackson Division.

April 16, 2006.

Brent Hazzard, Hazzard Law, Harvey Curtis Crowley, Schwartz & Associates, Jackson, MS, for Plaintiff.

Joseph E. Neuhaus, Sullivan & Cromwell, LLP, New York, NY, Cory T. Wilson, David W. Clark, Bradley, Arant, Rose & White LLP, Jackson, MS, for Defendant.

## *ORDER GRANTING REMAND*

WINGATE, Chief Judge.

Before this court are the following: (1) a motion by defendant Microsoft Corporation ("Microsoft") asking this court to stay all proceedings pending transfer by the Judicial Panel on Multidistrict Litigation ("Judicial Panel"), said motion filed pursuant to Title 28 U.S.C. § 1407[1] [**docket # 2**]; (2) a motion by plaintiff Jim Hood, Attorney General *ex rel.* State of Mississippi ("Hood") to remand this proceeding to State court, submitted under Title 28 U.S.C. § 1447(c)[2] [**docket # 6**]; and (3) a motion by plaintiff Hood for an expedited hearing on his motion to remand, pursuant to Uniform Local Rule 7.2(H)[3] [docket

# 8]. As this court heard oral argument on this matter on a previous date, Hood's motion for an expedited hearing is hereby terminated as moot. Additionally, for reasons set out in the court's detailed opinion, this court hereby denies Microsoft's motion to stay and grants Hood's motion to remand. On an earlier date, this court announced the above findings, stated that later the court would file a lengthier opinion, and meanwhile instructed the Clerk of Court not to transfer this case to the MDL District Court of Maryland.

## *Facts and Procedural Posture*

This case is related to, but different from, other lawsuits filed against Microsoft nationwide following *United States v. Microsoft Corp.*, 84 F.Supp.2d 9 (D.D.C.1999), *aff'd in part, rev'd in part, and vacated,* 253 F.3d 34 (D.C.Cir.), *cert. denied,* 534 U.S. 952, 122 S.Ct. 350, 151 L.Ed.2d 264 (2001). On April 25, 2000, the Judicial

---

1. Title 28 U.S.C. § 1407(a) provides:

 When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated: Provided, however, That the panel may separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded.

2. Title 28 U.S.C. § 1447(c) provides:

 A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time be-

fore final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

3. Uniform Local Rule 7.2(H) states in pertinent part:

 When the motion relates to an urgent or necessitous matter, counsel for the movant shall contact the courtroom deputy, or other staff member designated by the judge, and arrange a definite time and place for the motion to be heard. In such cases, counsel for movant shall file a written notice to all other parties of the time and place fixed by the court for the hearing and shall serve all documents upon other parties in the same manner by which they have been delivered to the court. The court, upon receipt of the motion, may, in its discretion, direct counsel regarding the submission of memoranda of authorities for the court's consideration.

Panel issued an order establishing multi-district litigation in the District of Maryland, with the Honorable Frederick Motz, Chief Judge, presiding over the matter. *In re Microsoft Corp. Windows Operating Sys. Antitrust Litig.*, No. 1332, 2000 WL 34448877, 2000 U.S. Dist. LEXIS 5559 (J.P.M.L. Apr. 25, 2000). In the aforementioned multidistrict litigation, that court is confronted with questions of market definition, the existence of Microsoft's monopoly power, the fact and significance of Mircrosoft's alleged anti-competitive conduct, and the existence and scope of any antitrust injury suffered by the parties to the multidistrict litigation. *Id.* at \*4.

Plaintiff Hood, the Attorney General of the State of Mississippi, filed this case in the Circuit Court of Hinds County, Mississippi, on August 31, 2004. The complaint seeks relief for the following: (1), injuries allegedly suffered by Mississippi in its purchase of software directly and indirectly from Microsoft at unlawfully inflated prices; and (2), injuries allegedly suffered by Mississippi citizens who purchased Microsoft products at inflated prices. Hood's complaint calls for damages and penalties under §§ 75–21–9[4] and 75–24–15[5] of the Mississippi Code for injunctive relief for Mississippi and its citizens, and a refund of any and all illegal overcharges for software purchased by Mississippi and its citizens, under a State-law claim of unjust enrichment.

Microsoft removed this action to this federal forum on September 30, 2004, asserting that this court has diversity-of-citizenship subject matter jurisdiction pursuant to the authority of Title 28 U.S.C. § 1332.[6] The next day, defendant filed a notice of "tag-along action" before the Judicial Panel on October 1, 2004, which lists this case as a potential tag-along action transferable to the multidistrict litigation court under Rule 7.5(e) of the Judicial Panel on Multidistrict Litigation Rules of Procedure.[7] Now, in its motion to stay,

4. Miss.Code Ann. § 75–21–9 reads as follows: Any person, natural or artificial, injured or damaged by a trust and combine as herein defined, or by its effects direct or indirect, may recover all damages of every kind sustained by him or it and in addition a penalty of five hundred dollars ($500.00), by suit in any court of competent jurisdiction. Said suit may be brought against one or more of the parties to the trust or combine and one or more of the officers and representatives of any corporation a party to the same, or one or more of either. Such penalty may be recovered in each instance of injury. All recoveries herein provided for may be sued for in one suit.

5. Miss.Code Ann. § 75–24–15(1) provides: In addition to all other statutory and common law rights, remedies and defenses, any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use of employment by the seller, lessor, manufacturer or producer of a method, act or practice prohibited by Section 75–24–5 may bring an action at law in the court having jurisdiction in the county in which the seller, lessor, manufacturer or producer resides, or has his principal place of business or, where the act or practice prohibited by Section 75–24–5 allegedly occurred, to recover such loss of money or damages for the loss of such property, or may assert, by way of setoff or counterclaim, the fact of such loss in a proceeding against him for the recovery of the purchase price or rental, or any portion thereof, of the goods or services.

6. Title 28 U.S.C. § 1332(a)(1) provides in pertinent part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States."

7. Judicial Panel on Multidistrict Litigation Rule of Procedure 7.5(e) states: "Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407

Microsoft argues that a stay of all proceedings in this case would conserve judicial resources and prevent inconsistent pretrial rulings. Plaintiff Hood, on the other hand, contending that this is a *parens patriae* action, argues that this court lacks subject-matter jurisdiction over this case and is presumably without authority to enter Microsoft's requested stay.

### Law and Application

*Motion to Stay*

 A district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *Petrus v. Bowen*, 833 F.2d 581 (5th Cir.1987). This power is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55, 57 S.Ct. 163.

 In the instant case, Microsoft has moved for a stay of proceedings while the Judicial Panel considers its motion for transfer and consolidation. Rule 1.5 of the Rules of the Judicial Panel on Multidistrict Litigation states the following:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.

In other words, a district judge should not automatically stay discovery, postpone rul-

shall promptly notify the Clerk of the Panel of any potential 'tag-along actions' in which that

ings on pending motions, or generally suspend further rulings upon a party's motion to the Judicial Panel for transfer and consolidation. MANUAL FOR COMPLEX LITIGATION (FOURTH) § 20.131 (2004). Granting a stay is within the court's discretion and a stay is appropriate when it serves the interests of judicial economy and efficiency. 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3866, at 612 (3d ed. 1998 & Supp.2004). This court is persuaded to deny Microsoft's motion to stay this proceeding; instead, this court will move on Hood's motion to remand this case to State court.

*Motion to Remand/Subject–Matter Jurisdiction*

*Standard of Review*

"Federal courts are courts of limited jurisdiction ... [and] must presume that a suit lies outside this limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993, 122 S.Ct. 459, 151 L.Ed.2d 377 (2001). The party removing an action to this federal forum has the burden of proving that the federal court has jurisdiction to hear the case. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.1993), *cert. denied*, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). So Microsoft, as the removing party, bears this burden. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002); *see also* 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE, *supra* § 3739, at 424 ("it is ... well-settled under the case law that the burden is on the party seeking to preserve the district court's removal jurisdiction ... to show

party is also named or in which that counsel appears."

that the requirements for removal have been met.").

The removal statutes are to be strictly construed with all doubts and ambiguities to be resolved against a finding of proper removal. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992). If this burden is not met, the court is bound to remand this action to State court pursuant to § 1447(c). *Buchner v. F.D.I.C.*, 981 F.2d 816, 819 (5th Cir.1993).

Plaintiff Hood argues that removal of this case was improper for three reasons: (1), lack of diversity jurisdiction because the State of Mississippi is the real party in interest; (2), the bar to removal posed by the Eleventh Amendment; and (3), because these issues have already been decided in *Moore ex rel. State of Mississippi v. Abbott Labs., Inc.*, 900 F.Supp. 26 (S.D.Miss.1995).

This court is persuaded that Mississippi is the real party in interest and that this court does not have diversity jurisdiction over the case. Because this court's agreement with plaintiff's first argument is sufficient to decide this motion, it expresses no opinion on plaintiff's arguments regarding the Eleventh Amendment. The court, however, will briefly address the *Moore* decision, *infra.*

*Real Party in interest/Parens Patriae Authority*

The removal statute, Title 28 U.S.C. § 1441(a), states in pertinent part:

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

In its notice of removal, defendant Microsoft alleges that this court has original jurisdiction over this case by way of diversity. Diversity jurisdiction requires that the parties be citizens of different States and the dispute between them exceed $75,000.00, exclusive of interest and costs. *Id.* § 1332.

A State is not a citizen for diversity purposes. *Moor v. County of Alameda*, 411 U.S. 693, 717, 93 S.Ct. 1785, 1796–97, 36 L.Ed.2d 596 (1973); *Postal Tel. Cable Co. v. Alabama*, 155 U.S. 482, 15 S.Ct. 192, 39 L.Ed. 231 (1891); *PYCA Indus. v. Harrison County Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1416 (5th Cir. 1996). To determine whether diversity jurisdiction exists, courts must look beyond the named parties and consider the citizenship of the real parties in interest. *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 460, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980); *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir.2003). So here, if the State of Mississippi is more than a nominal party in this litigation, subject-matter jurisdiction is lacking. *Moor*, 411 U.S. at 717, 93 S.Ct. 1785.

In order to maintain a *parens patriae* action, the State must articulate an interest apart from the interests of particular private parties; that is, the State must have a "quasi-sovereign interest" in the litigation to sue in its *parens patriae* capacity. *Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez*, 458 U.S. 592, 607, 102 S.Ct. 3260, 73 L.Ed.2d 995 (1982). If the State has such a quasi-sovereign interest, it is a real party in interest for diversity purposes.

A quasi-sovereign interest is a State's interest in the well-being of its populace. *Id.* at 602, 102 S.Ct. 3260. The United States Supreme Court has stated that quasi-sovereign interests fall into two categories:

"First, a State has a quasi-sovereign interest in the health and well-being—both physical and economic—of its resi-

dents in general. Secondly, a State has a quasi-sovereign interest in not being discriminatorily denied its rightful status within the federal system."

*Id.* at 609, 102 S.Ct. 3260.

 Here, the Attorney General asserts an interest within the first category, an interest in the economic well-being of the citizens of Mississippi. *See Georgia v. Penn. R. Co.,* 324 U.S. 439, 450–51, 65 S.Ct. 716, 722–23, 89 L.Ed. 1051 (1945) (holding that the State has interest apart from affected individuals in antitrust suit against railroads for price fixing that discriminated against Georgia shippers).

Microsoft proposes to split the claims in plaintiff's complaint into two groups: those brought on behalf of the State and those brought on behalf of private citizens in Mississippi. Microsoft concedes that Hood has an interest in the claims brought on behalf of the State, but argues that with respect to the claims brought on behalf of private parties, those private parties are the true parties in interest because the relief requested will go directly to them. Therefore, Microsoft argues, the citizenship of those parties is relevant for diversity purposes. Microsoft then argues that the claims brought on behalf of the citizens of Mississippi meet the diversity and amount-in-controversy requirements of § 1332(a)(1). Thus, says Microsoft, this court has diversity jurisdiction over those claims and supplemental jurisdiction over the State's claims in Hood's complaint pursuant to Title 28 U.S.C. § 1367.[8]

In support of its arguments, Microsoft cites *Connecticut v. Levi Strauss & Co.,* 471 F.Supp. 363 (D.Conn.1979). In that case, Connecticut brought suit under its

enforcement capacity and as *parens patriae* against Levi Strauss & Co. ("Levi") under the State's antitrust statute. Levi removed the case to federal court and the State sought remand. In analyzing whether diversity jurisdiction existed, the court began by noting that the State was seeking "several types of monetary awards, and … in different capacities." *Id.* at 370. Specifically, the State had requested: (1), recovery of allegedly unlawful overcharges incurred by Connecticut citizens, to be distributed to the affected individuals where possible, but otherwise to be kept by the State; (2), a statutorily authorized civil penalty; and (3), attorney fees. *Id.* The district court in that case concluded that, insofar as the State was seeking monetary relief for "identifiable purchasers, the citizen status of the purchasers rather than the sovereign status of their benefactor controls for diversity purposes." *Id.* at 371.

Hood responds that this court should not apply the reasoning in *Levi Strauss* to this case, arguing that the State is the real party in interest in this case when the case is viewed as a whole. First, says Hood, the counts in the complaint (i.e., for unjust enrichment, violation of the Mississippi Antitrust Act, violation of the Mississippi Consumer Protection Act, and civil conspiracy) are brought pursuant to the State's law-enforcement authority, *See* Miss.Code Ann. § 75–21–7 (authorizing the Attorney General to bring suit to recover penalties in violation of the State antitrust statute); § 75–21–9 (authorizing private persons and corporations to bring suit for damages and penalties for the direct and indirect injuries suffered); and § 75–24–15

---

**8.** Title 28 U.S.C. § 1367(a) states in pertinent part:

Except as [otherwise provided], in any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all oth-

er claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution ....

(permitting recovery for "any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money ... as a result of the use of employment by the seller, lessor, manufacturer or producer of a method, act or practice prohibited" under State law). Secondly, says Hood, a State is not stripped of its sovereignty merely because it seeks relief on behalf of its citizens in addition to relief for harm done to the State itself.

In support of this argument, plaintiff Hood cites *Moore*. In *Moore*, the Mississippi Attorney General filed suit against three pharmaceutical companies, alleging violations of the State's antitrust and consumer fraud statutes. 900 F.Supp. at 28–29. The Attorney General alleged that the defendants had agreed to fix the wholesale price of infant formula sold in the State, thereby injuring private citizen consumers and the State, which purchased infant formula pursuant to a welfare program. The Attorney General filed the suit on behalf of the State and, as *parens patriae*, on behalf of injured Mississippi citizens, The defendants removed the case to federal court, arguing that the real parties in interest were the private individuals who had purchased the formula. The court disagreed, ruling that the State was the real party in interest because the Attorney General was suing under his statutory authority to bring suit for violations of the antitrust statute. *Id.* at 31.

Microsoft argues that *Moore* is incorrect because the Supreme Court in *Wisconsin Dep't of Corrs. v. Schacht*, 524 U.S. 381, 385, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998), expressly overruled *McKay v. Boyd Construction Co.*, 769 F.2d 1084 (5th Cir.1985), the case upon which *Moore* rested. Further, Microsoft contends that the texts of the statutory provisions under which Hood claims damages on behalf on Mississippi purchasers make clear that the substantive rights sought to be enforced belong to the individual Mississippi citizens, not to the State. *See* Miss.Code Ann. § 75–21–9 (authorizing private persons and corporations to bring suit), § 75–24–15 (permitting recovery for "any person").

■ To resolve this dispute, the Supreme Court has stated that one indication of whether the injury is sufficient to give the State *parens patriae* standing is whether the injury is one the State could redress through its sovereign lawmaking powers:

> Although more must be alleged than injury to an identifiable group of individual residents, the indirect effects of the injury must be considered as well in determining whether the State has alleged injury to a sufficiently substantial segment of its population. One helpful indication in determining whether an alleged injury to the health and welfare of its citizens suffices to give the State standing to sue as *parens patriae* is whether the injury is one that the State, if it could, would likely attempt to address through its sovereign lawmaking powers.

*Alfred L. Snapp*, 458 U.S. at 607, 102 S.Ct. 3260. Here, the State of Mississippi has addressed the injury in issue under, *inter alia*, its antitrust and consumer protection laws. It is true that none of the relevant statutes expressly uses the words *"parens patriae;"* under Mississippi common law, however, the Attorney General

> is a constitutional officer possessed of all the power and authority inherited from the common law as well as that specifically conferred upon him by statute. This includes the right to institute, conduct and maintain all suits necessary for the enforcement of the laws of the State,

preservation of order and the protection of public rights.

*Gandy v. Reserve Life Ins. Co.,* 279 So.2d 648, 649 (Miss.1973); *State ex rel. Allain v. Miss. Pub. Serv. Comm'n,* 418 So.2d 779, 781 (Miss.1982).

Mississippi statutory law also supports this proposition. Consistent with the Mississippi Supreme Court's pronouncement with reference to the Attorney General being a constitutional officer and possessed with common law duties, § 7–5–1 of the Mississippi Code provides in part as follows:

> The Attorney General provided for by Section 173 of the Mississippi Constitution shall be elected at the same time and in the same manner as the Governor is elected. . . . He shall be the chief legal officer and advisor for the State, both civil and criminal, and is charged with managing all litigation on behalf of the State. No arm or agency of the State government shall bring or defend a suit against another such arm or agency without prior written approval of the Attorney General. He shall have the powers of the Attorney General at common law and is given the sole power to bring or defend a lawsuit on behalf of a State agency, the subject matter of which is of statewide interest . . . .

Defendant's argument that Mississippi is merely representing the interests of the private individuals is, therefore, without merit. As stated, the State has a quasi-sovereign interest in the economic well-being of its citizens, which includes securing the integrity of the marketplace. *See Georgia v. Penn. R. Co.,* 324 U.S. at 450–51, 65 S.Ct. 716; *New York by Abrams v. General Motors Corp.,* 547 F.Supp. 703, 707 (S.D.N.Y.1982) (stating that the State's interest in honest marketplace is quasi-sovereign interest).

Moreover, the Fifth Circuit has held that, even without an express grant of *parens patriae* authority, the Attorney General can bring an action on behalf of the State to recover *parens patriae* damages. *Texas v. Scott & Fetzer Co.,* 709 F.2d 1024 (5th Cir.1983). In *Scott & Fetzer,* which involved asserted violations of federal antitrust law, defendants argued that no State statute authorized the Attorney General to institute *parens patriae* actions, so that the Texas Attorney General could not bootstrap such authority by relying solely upon § 4C of the Clayton Act. *Id.* at 1025.

The Fifth Circuit relied upon a State statute that did not expressly provide for *parens patriae* actions in reaching its decision. The statute allowed the Attorney General to institute an action on behalf of the State or any political subdivision to recover the damages provided for by federal antitrust laws. *Id.* at 1026 (citing Tex. Bus. & Com.Code § 15.40(a) (Vernon Supp.1981)). The court rejected a narrow interpretation that would have limited the thrust of the statute to suits to recover for injuries to the State in its proprietary capacity.

 In the present case, Microsoft's arguments appear to rest upon a basic misunderstanding of the court's inquiry when faced with a real party in interest. Microsoft argues that the complaint should be split initially into two groups: claims made on behalf of private entities and claims made on behalf of the State. According to defendant, the court should then determine who is the real party in interest with respect to each group of claims. Microsoft is correct in surmising that plaintiff appears to be wearing two hats by requesting relief for itself and for private parties. That fact alone, without more, does not require this court to break apart the complaint along those lines for purposes of determining the real party in interest. On the contrary,

courts analyze real party in interest questions by examining the State's interest in a lawsuit as a whole. *See e.g., Moore,* 900 F.Supp. at 28–29, 31; *West Virginia v. Morgan Stanley & Co.,* 747 F.Supp. 332, 337 (D.W.Va.1990); *Missouri ex rel. Webster v. Freedom Fin. Corp.,* 727 F.Supp. 1313, 1317 (W.D.Mo.1989) ("the interest of the State of Missouri ... is sufficient to preclude characterizing the State as a nominal party without a real interest in the outcome of this lawsuit"); *New York by Abrams,* 547 F.Supp. at 707 ("This is, in all respects, the State's action.").

Thus, viewing the complaint as a whole, this court is persuaded that plaintiff Hood has a "substantial stake" in the outcome of this case. The claims in this case were brought by the Attorney General pursuant to specific statutory authority. *See Moore,* 900 F.Supp. at 31. In addition to damages for the private parties who allegedly overpaid for Microsoft's products, plaintiff Hood seeks injunctive relief on one of the claims. This type of prospective relief goes beyond addressing the claims of previously injured organizations or individuals. It is aimed at securing an honest marketplace, promoting proper business practices, protecting Mississippi consumers, and advancing Mississippi's interest in the economic well-being of its residents. *See Alfred L. Snapp,* 458 U.S. at 607, 102 S.Ct. 3260 (discussing State interests enforceable through *parens patriae* actions). The fact that private parties may benefit monetarily from a favorable resolution of this case does not minimize nor negate plaintiff's substantial interest. *Alabama ex rel. Galanos v. Star Serv. & Petroleum Co.,* 616 F.Supp. 429, 431 (S.D.Ala.1985) ("whether other parties will benefit from this action does not affect the State's valid interest in enforcing this statutory scheme"); *New York by Abrams,* 547 F.Supp. at 706–07. In sum, this court concludes that the State of Mississippi is the real party in interest in this litigation.

Consequently, this court does not have jurisdiction over this case under § 1332.

### *Conclusion*

Based upon the foregoing, this court hereby denies Microsoft's motion to stay this proceeding pending transfer by the Judicial Panel on Multidistrict Litigation. Also, as stated, *supra,* Hood's motion for urgent matter is terminated as moot. Finally, since this court finds that the State of Mississippi is a real party in interest in this litigation and that complete diversity is lacking, which defeats the court's subject-matter jurisdiction, Hood's motion to remand this case to State court is granted. Accordingly, this case is remanded to the Circuit Court of Hinds County, Mississippi.