COLEMAN, Justice,
dissenting:
¶ 46. I do not agree with the majority's position that the Constitution does not authorize the Attorney General to prosecute the instant case. (Maj. Op. .¶ 11). Thus, respectfully, ,1 dissent. •
¶ 46.- I agree with the result reached by Justice Pierce and I join his dissent in part and in result. ' However, in my opinion, the Attorney General’s authority to intervene comes from the Constitution and common law, not from statutes. .Article 6, Section 173 of the Mississippi Constitution created the Office of Attorney General. The Constitution did not define the-Attorney. General’s duties, but the Court has held that the Attorney Général has the same powers and duties that were vested in him at common law. See State ex rel. Patterson v. Warren, 254 Miss. 293, 180 So.2d 293, 299 (1965); Kennington-Saenger Theatres v. State ex rel. Dist. Attorney, 196 Miss. 841, 18 So.2d 483, 486 (1944). See also Miss.Code Ann. § 7-5-1 (Rev. 2014) (the Attorney General is “the chief legal officer and advisor for the state, both civil and criminal, and is charged with managing all litigation on behalf of the state” and the Attorney General has the same powers as at common law). The Court has said the following about the Attorney General’s duties at common law:
At common law the duties of the attorney general, as chief law officer of a realm, were numerous and varied. He was chief legal adviser of the crown, was entrusted with the management of all legal affairs, and prosecution of all suits, criminal' and, civil, in which the crown was interested.. He had authority to institute proceedings to abate public nuisances, ■ affecting public safety ■ and convenience [sic], to control and manage all litigation on behalf of the state, and to intervene in all actions which were, of concern to the general public.
Warren, 180 So.2d at 299 (emphasis added). The Court has held that the Attorney General’s power and authority “includes the right to institute, conduct[,] and maintain all suits necessary for the enforcement of the laws of the state,- preservation of order and the protection of public rights.” State ex rel. Allain v. Miss. Pub. Serv. Comm’n, 418 So.2d 779, 781 (Miss.1982) (quoting Gandy v. Reserve Life Ins. Co., 279 So.2d 648, 649 (Miss.1973)). Thus, in my opinion, thé Attorney General has the power, through the Constitution and common law, to initiate or intervene should he so chose.'
WALLER, C.J., RANDOLPH, P.J., AND PIERCE, J., JOIN THIS OPINION.